OPINION OF THE COURT
Memorandum.
Order of the court below (90 Misc 2d 531) is unanimously *70 reversed on the law, motion to dismiss denied and information reinstated.
The mere failure or inability to produce at trial the article allegedly stolen is not a bar to a larceny conviction (People v Fonville, 72 Misc 2d 785; People v Campbell, 69 Misc 2d 808; Rice v United States, 411 F2d 485); and there appears to be no basis for a pretrial dismissal of the information upon the ground that the article was disposed of and cannot be produced. Although situations may exist where the unavailability of the article will deprive defendant of a fair trial (cf. United States v Heiden, 508 F2d 898), this can properly be determined only after consideration of all the evidence at the trial and not prior thereto.
We note that the court below alluded to a motion by the People, upon notice to defendant, for permission to photograph the evidence and thereafter dispose of it. No authority for such a motion exists in the Criminal Procedure Law (cf. CPL art 715, relating to the disposition of dangerous drugs) and such motion may represent an inappropriate application for a pretrial advisory ruling for the right to dispense with the production of certain evidence upon the trial. Moreover, it may unreasonably require a defendant to anticipate the conduct of the People’s case and prematurely divulge any defenses he may have.
We further note that the procedural rules for a motion to dismiss an information (CPL 170.45, 210.45) were not followed herein.
Concur: Glickman, P. J., Pittoni and Gagliardi, JJ.