OPINION OF THE COURT
Louis H. Mariani, J.
Defendant is charged with possession of stolen property in violation of section 165.40 of the Penal Law. The charge arises from a transaction for certain goods that allegedly occurred on February 8, 1979, between an informant, this defendant and one other individual. This transaction was one of a multitude of others in a long term, ongoing investigation, wherein this informant acted as a known “buyer” of allegedly stolen goods.
Upon defendant’s arraignment in June, 1980, some 18 months after the original transaction, defense counsel made numerous pretrial motions and demands for discovery. At that time, the court, without objection from the District Attorney’s office, granted the defendant the right to make inspection of the “property listed in the information charging defendant with possession of stolen property” pursuant to CPL article 240 (to wit: one Sears AM-FM digital clock *410 radio; one Panasonic eight-track tape player; one Realistic CB radio; one Panasonic stereo system and one brown overnight bag). The court also conducted a suppression hearing concerning the issue of defendant’s identification by the informant. Defendant has raised this issue of identification as critical to his defense, alleging he was not even present at and/or involved in the February 8, 1979 “buy”. After the hearing, the court held such identification testimony to involve questions of credibility best suited for a jury’s deliberation.
The facts of the alleged conduct here were presented to the Grand Jury during February, 1980. The accusatory instrument, a prosecutor’s information, charging this misdemeanor, was then executed on May 12,1980. On April 10, 1980, after use in the Grand Jury presentment, but prior to the filing of the information, all the allegedly stolen property that is the subject of the instant prosecution was released to the alleged owner by written authorization of the District Attorney’s office. Defense counsel learned of the release of the property in question, after the suppression hearing, when attempts were made to seek compliance with the court-ordered discovery and inspection.
Defendant has now moved to dismiss the prosecution, alleging that section 450.10 of the Penal Law has been violated and that defendant’s inability to inspect the stolen property has denied him of his constitutional rights to adequately prepare his defense.
During oral argument of defendant’s motion, the court stated the desirability of conducting hearings to establish (1) whether procedures are followed by the government to safeguard evidence, in order to determine the intent behind releasing the property (United States v Bryant, 439 F2d 642) and (2) the condition/status of the property and its present availability for inspection by the defense, so adequate trial preparation might now be attempted. In response, the District Attorney submitted the forms used by his office in this case that were signed releases authorizing the disposition of the property. Most importantly, the permanent loss of the majority of property in question was disclosed by the District Attorney.
*411 Section 450.10 of the Penal Law establishes the procedures to be employed in the disposition of stolen property once it comes within the control of the police.* The statute is clear that a court order must be obtained prior to the release of any property. Also included in section 450.10 are provisions whereby the court may release the property to its rightful owner, if to do so would not be contrary to the furtherance of justice.
All authorities on this issue are unanimous that only in the rarest of circumstances shall stolen property be released prior to the termination of the related criminal proceedings. “Absent an order that the property be returned to the owner as not necessary for trial, retention is deemed necessary to justice until conviction or acquittal”. (1973 Opns Atty Gen 160, 161; Simpson v St. John, 93 NY 363, 366.) The fact that the property had been held for 14 months, due to the ongoing nature of the police investigation, is not a sufficiently lengthy retention to have legitimized its release at this juncture. (See 1973 Opns Atty Gen 160; see, also, People v Gutterson, 34 NYS 2d 174; People v Harris, 178 Misc 371.) It seems unfair to have utilized the evidence for Grand Jury and possible other prosecution purposes for 14 months without retaining the property an additional four months until arraignment to permit defense counsel an opportunity to similarly view the items upon notice of their imminent release. (United States v Averell, 296 F Supp 1004.)
The critical point is that, in view of section 450.10 of the Penal Law, it was not within the province of the District Attorney’s office to make a unilateral decision to release the property. The law is clear that only a considered decision by the court may alter the methods to be employed by government personnel in fulfilling their duty to preserve and safeguard potentially material evidence. We, therefore, find that the District Attorney blatantly disregarded a penal *412 statute with no apparent regard to the consequences of his actions.
The issues raised by the release of the stolen property in contravention of section 450.10 are now further compounded by the permanent loss of this property. The Criminal Procedure Law and controlling case law make the discovery and inspection of all tangible property related to a crime a right of the defendant. In this case the court ordered such inspection be had as being material and relevant. In addition, disclosure of any potentially exculpatory material must be made to the defendant. (Brady v Maryland, 373 US 83.) This duty of disclosure is operative as a duty of preservation. Only if evidence is carefully preserved during the early stages of investigation will disclosure be possible later. (United States v Bryant, 439 F2d 642, supra.) Again, it is not for the District Attorney’s office to unilaterally speculate as to what evidence would be useful to the defendant. That decision is for the defendant, or in areas of doubt, for the court itself.
Based on the specific facts and proposed critical defenses of this case, the violation of section 450.10 of the Penal Law and resulting loss of evidence, and the inability of the District Attorney to meet his heavy burden of establishing that the failure to preserve the evidence was not intentional, deliberate, or in bad faith, the court finds it must dismiss the charges against the defendant. (People v Fleishman, 92 Misc 2d 156; People v Churba, 76 Misc 2d 1028; see, also, United States v Pollock, 417 F Supp 1332; United States v Harrison, 524 F 2d 421; United States v Blauner, 337 F Supp 1383.) In light of the above factors, any other sanction would be meaningless.

 The procedures that must be utilized to safeguard and preserve all evidence of a crime are left up to those law enforcement authorities charged with this weighty responsibility. However, these procedures are similarly subject to judicial review to ensure protection of the defendant’s rights. (United States v Bryant, supra.)