OPINION OF THE COURT
William J. Burke, J.
This is an appeal from an order of the Syracuse City Court (Mariani, J.) dated October 3, 1980 dismissing the prosecutor’s information charging the above-named defendant with having committed the misdemeanor crime of criminal possession of stolen property in the third degree. The dismissal was based upon the People’s failure to comply with section 450.10 of the Penal Law and their inability to meet their heavy burden of establishing that the failure to preserve the evidence was not intentional, deliberate or in bad faith (see People v Davis, 105 Misc 2d 409). The defendant’s motion in this regard was grounded upon CPL 170.30 (subd 1, par [f]) in that the defendant alleged that the afore-mentioned violations present a legal impediment to this defendant’s conviction.
The court has examined the record on this appeal and has heard and considered the learned counsels for both sides and is of the opinion that based upon the unique facts presented, the decision of the lower court should be af *231 firmed. Section 450.10 of the Penal Law in pertinent parts states in subdivisions 1 and 2 as follows:

“Disposal of stolen property.

“1. When property, alleged to have been stolen, comes into the custody of a * * * peace officer, he must hold it, subject to the order of the court authorized by subdivision two to direct the disposal thereof.
“2. On satisfactory proof of the title of the owner of the property, the court in which the criminal action is pending may order it to be delivered to the owner, unless its temporary retention be deemed necessary in furtherance of justice” (emphasis added).
Admittedly the facts upon this appeal reveal that neither the police nor the District Attorney’s office sought any court order allowing the return of the alleged stolen property.
In this regard, the District Attorney cites its practice of returning such property as justification for its actions in the instant case, and alleges further that section 450.10 of the Penal Law is directed toward the protection of owners, rather than for the protection of defendants. The People, as a further justification for not complying with section 450.10 of the Penal Law, also alleged that no criminal action was pending at the time this property was returned. Therefore, there was no court to which authorization could have been obtained, in any event.
The defendant, through his learned counsel, contends that section 450.10 is directed toward the preservation of such stolen property for not only the protection of the owner, but for the more important reason of preserving such property for the defendant.
Relative to the alleged applicability of section 450.10, the law is clear and mandatory that such property must be held in the custody of a police officer, subject to court order. The District Attorney in this regard is clearly an agent of the police when one considers the nature and scope of the instant investigation and would, in turn, need to obtain such an order. Relative to the argument that there was no action pending and therefore there was no court to which authorization could have been obtained, it is clear that *232 both the police and the District Attorney knew that these matters had been and were being presented to an ongoing Grand Jury at the time of the property’s release and that formal commencement of criminal proceedings was imminent. In point of fact, the instant property was released on April 10, 1980 and the prosecutor’s information was filed on May 12, 1980. It would invite emasculation of such a statute to rule otherwise, especially when dealing with investigations of considerable length when formal commencement of the action is delayed for the purpose of maintaining secrecy. Moreover, this court might add that guidance as to the disposal of such property could always be obtained from the empanelling Judge who is also a legal advisor of the Grand Jury (see CPL 190.25, subd 6).
Beyond this court’s agreement with the lower court that section 450.10 of the Penal Law is applicable and that a court order is mandatory prior to the return of stolen property, the issue upon this appeal transcends the determination as to the alleged violation of section 450.10 of the Penal Law. The People have always had and will continue to have a heavy burden of retaining evidence for a criminal trial, especially in cases where that property is specifically discoverable by the defense pursuant to our discovery statutes (see CPL art 240). Thus, beyond any mandates specifically stated within section 450.10 of the Penal Law, it is obviously undesirable to have any potential evidence destroyed or lost while there is even the possibility that criminal charges will be brought. The burden of retaining evidence for a criminal trial is not so burdensome as would be the denial of a citizen’s constitutional rights to a fair trial. The evidence in this case had already been held for approximately 14 months prior to its release and a few more months would not have been so inconvenient to any owner, when that inconvenience is weighed against the defendant’s right to discover and inspect those items for purpose of trial preparation.
Thus, the responsibility to safeguard and preserve evidence gathered against an accused lies with the prosecution. In cases such as this, the People must meet a heavy burden of establishing that a failure to preserve the evidence was not intentional, deliberate or in bad faith (see *233 United States v Bryant, 439 F2d 642). This court will not disturb the lower court’s finding in this regard. The arguments of respondent’s counsel upon the appeal are persuasive, indeed, on this point.
Thus, we come to the determination of an appropriate sanction for the People’s failure to obtain the court’s permission as required by section 450.10 of the Penal Law. The lower court held that dismissal was the only meaningful remedy under the facts of this case. The People cite the case of People v Marshall (93 Misc 2d 69) in support of their contention that such a remedy is not appropriate at this time, indicating that although situations may exist when the unavailability of an article will deprive a defendant of a fair trial, such a determination can properly be determined only after consideration of all the evidence at the trial and not prior thereto. While the court might be persuaded by such an argument in other cases, this case presents the loss of the articles that are the very essence of the crimes charged and it being conceded by the People that the property is not available nor is there any way that it could be made available in the future. Therefore, any sanctions other than dismissal would appear to be inappropriate. An alternative sanction of precluding any testimony relating to the unavailable items would most certainly result in a futile remand, remembering, of course, that the essential elements of the crime charged require proof that the defendant knowingly possessed stolen property and further that the items were, in fact, stolen property. Again, the essence of the crime revolves around the items allegedly possessed; however, they are now not available. The fact that the prosecution may be able to prove its case without such items is of no consolation to a defendant who seeks their discovery.
Therefore, based upon the unique facts and circumstances of this case, this court cannot state that the lower court abused its discretion in this regard, or that such decision was contrary in law. The decision of the lower court is hereby affirmed.