OPINION OF THE COURT
Paul S. Lawrence, J.
The District Attorney moves this court for an order authorizing the return of stolen property to the owners of such property.
Indictment No. 54020 accuses the defendant of seven counts of robbery in the first degree, armed felonies, and seven counts of criminal use of a firearm in the first degree, armed felonies. Between 10:15 p.m. on December 3, 1981, and 2:30 a.m. on December 4, 1981, the defendant is alleged to have entered LaCrepe Restaurant and the Post Acres Bar and robbed seven persons present therein while armed with a shotgun. The defendant is alleged to have taken the sum of $1,084.97 from his victims.
In the early morning hours of December 4, 1981, the defendant was arrested. One thousand one hundred thirty-three dollars and fifty-three cents ($1,133.53) was found *786 upon his person or within his automobile. The defendant was arraigned in Part A of the District Court on December 4, 1981, at which time bail was set in the amount of $25,000 SIB or $2,500 cash alternative. Therefore, the defendant did not appear in Part IX of the District Court and a bench warrant was issued. On February 18, 1982, the Grand Jury returned the instant indictment.
The District Attorney asserts that the police department and District Attorney’s office “have received numerous requests from the complainants in these robberies requesting the return of each of their property.”
The District Attorney further affirms that Xerox copies have been made of the cash property in question.
Finally, the District Attorney affirms that, based upon the affidavits of two Nassau County Police Department Detectives, proof has been obtained which satisfactorily establishes that the claimants are the owners of the property in question. One of the affidavits lists eight alleged property owners along with the amount of money alleged to be owned by them. Proof of ownership, the detective asserts, has been provided in the nature of signed supporting depositions. The other affidavit asserts that All City Insurance Company is the owner of $508.97 as the subrogee of an insurance claim submitted by LaCrepe Restaurant. The detective states that proof of ownership has been provided by way of a signed supporting deposition.
None of the signed supporting depositions have been made a part of the instant application.
Prior to September 1,1981, stolen property in the possession of a police officer could not be released to the owner of the property where a criminal action was pending, except upon court order (Penal Law, § 450.10, subds 1, 2; People v Davis, 105 Misc 2d 409).
Effective September 1, 1981, however, subdivisions 1 and 2 of section 450.10 of the Penal Law have been amended. As amended, they read as follows:
“1. When property, other than contraband, including but not limited to those items subject to the provisions of sections 410.00, 415.00, 420,00 .and 420.05 of this chapter, alleged to have been stolen is in the custody of a police *787 officer or a peace officer, it must be held subject to the order of the court in which the criminal action is pending or, if a request for its release from such custody is made, until the prosecutor has notified the defendant or his attorney of such request and both the prosecution and defense have been afforded a reasonable opportunity for an examination of the property to determine its true value and to produce or reproduce, by photographs or other identifying techniques, legally sufficient evidence for introduction at trial. [Emphasis supplied.]
“2. Upon expiration of a reasonable time for the completion of the examination which in no event shall exceed thirty days from the date of receipt by the defense of the notice of request for return of property as provided in subdivision one hereof, the property shall be released to the person making such request after satisfactory proof of such person’s entitlement to the possession thereof. The court where appropriate may condition release of the property upon an order that the property be kept intact and available for production if necessary during the pendency of the criminal action. Notwithstanding the foregoing, upon application by either party with notice to the other, the court may order retention of the property if it determines that retention is necessary in the furtherance of justice.”
No longer need law enforcement authorities seek approval of the court for the release of stolen property in situations where a request is made by a person entitled to possession of that property.
Subdivision 1 of section 450.10 of the Penal Law is written in the disjunctive. Thus, unless a request for release from custody is made, stolen property in the custody of a police officer must be held subject to the order of the court in which the criminal action is pending. Where, however, one entitled to possession of the stolen property requests its release, that property may be released, without the necessity of court intervention, provided that law enforcement authorities satisfy the conditions precedent set forth in the statute.
Before stolen property may be released, without court order, the following events must take place:
*788 1. There must be a request for the release of stolen property from custody by one who is entitled to possession of that property;
2. The prosecutor must serve upon the defendant and/or the defendant’s attorney a notice of request for release of stolen property;
3. A reasonable period of time, not to exceed 30 days, must be afforded the defense to examine the stolen property, reproduce legally sufficient evidence for introduction at trial, or make application to the court requesting continued retention of the property or seeking that the release be conditioned; and
4. The person making the request for the release of stolen property must make satisfactory proof of his entitlement to the possession thereof.
Once the conditions precedent set forth in subdivisions 1 and 2 of section 450.10 of the Penal Law are met, law enforcement, authorities may release the property. Application to the court for approval or authority to release the property is, in a requested release situation, unnecessary, undesirable and without authority.
The 1981 amendments to section 450.10 of the Penal Law were designed to accomplish the prompt return of stolen property to a victim entitled to the possession of that property and to establish an extrajudicial administrative procedure which would, at the same time, protect a defendant’s right to inspect the property and preserve legally sufficient evidence for introduction at trial.
Had this court determined that stolen property could not be released to a person entitled to possession of such property without court order, this court, on the papers before it, would have declined to order the release of the property.
The first condition precedent to release is a request for the release of stolen property by a person entitled to the possession of such property. The People’s affirmation in support of the application contains a blanket statement that “the Nassau County Police Department and the Nassau County District Attorney’s Office have received numerous requests from the complainants in these robberies *789 requesting the return of each of their property.” An affirmation, to be sufficient, must be made upon personal knowledge or upon information and belief in which event the source of the information and the grounds for the belief must be provided. The statement contained in the District Attorney’s affirmation, without more, is legally insufficient to establish that a request for the release of stolen property was made by each of the persons to whom the People desire to release that property. In fact, one of the persons to whom the People desire to release property is listed as béing deceased in one of the affidavits in support of this application.
The second condition precedent to the release of stolen property is the service of a notice of request for release of stolen property upon the defendant and/or his attorney. There is nothing in the moving papers to indicate that such notice was served upon the defendant, nor do the moving papers state that such notice was served upon an attorney for the defendant. It does appear that the instant application was served upon Steven Kutner, Esq. However, Mr. Kutner, in a letter to the District Attorney, responded by stating that he does not represent the defendant in this or any other matter and could not accept service of the motion. The moving papers were returned to the District Attorney with a suggestion that the District Attorney serve Mr. Lazarus himself or obtain some other type of service. Neither the moving papers, nor the court file, set forth the basis upon which the District Attorney’s office concluded that Mr. Kutner represented the defendant.
Finally, the moving papers fail to contain satisfactory proof that a person requesting the release of stolen property is entitled to the possession of such property. The affidavits in support of the application simply indicate that proof of ownership has been provided by signed supporting depositions. But, none of the supporting depositions are made a part of the moving papers. Two examples should suffice to point out the deficiencies in the People’s application. The Post Acres Bar is listed as an owner to whom the law enforcement authorities would like to release money. Surely, the Post Acres Bar did not sign a supporting deposition. Perhaps the deposition was signed by an indi *790 vidual with a particular interest in the Post Acres Bar. Perhaps the supporting deposition was signed by an employee of the Post Acres Bar. Left unanswered is the question: Did someone with a possessory interest in the money make a request that the currency be released, and then provide satisfactory proof of entitlement to that currency?
Again, one of the supporting affidavits lists All City Insurance Company as the owner of stolen currency in the amount of $508.97 as a subrogee of LaCrepe Restaurant. It is difficult for this court to conceive of an insurance company, or an employee thereof, signing a supporting deposition in connection with a robbery occurring at a restaurant. In any event, the supporting deposition, whatever it might be, has not been made a part of the instant application.
This court concludes that section 450.10 of the Penal Law does not require court authorization for the release of stolen property where a request has been made for its release by a person entitled to possession of such property. Rather, section 450.10 of the Penal Law authorizes law enforcement authorities to release property, in a request for release situation, upon compliance with the conditions of the statute.'Only when a dispute arises between the prosecution and the defense is court intervention warranted. Additionally, the moving papers here fail to establish that the conditions required by section 450.10 of the Penal Law have been met sufficiently to justify a release of stolen property.
Nothing in this order should be construed so as to prevent law enforcement authorities from releasing stolen property to a person entitled to the possession of such stolen property upon law enforcement compliance with section 450.10 of the Penal Law.
The People’s application for an order authorizing the return of the stolen property is denied.