THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL ANGELO, Appellant.

Second Department, April 25, 1983

**APPEARANCES OF COUNSEL**

*John F. Middlemiss, Jr.* (*George Grun* of counsel), for appellant.

*Patrick Henry, District Attorney* (*Edward L. Golden* of counsel), for respondent.

**OPINION OF THE COURT**

MANGANO, J. P.

On April 14, 1980, a number of women's designer shirts and jeans were stolen from the Gertz Department Store in Bay Shore, Suffolk County. Defendant was arrested for committing this crime and was subsequently convicted of grand larceny in the third degree.

The main question to be resolved on this appeal is whether the defendant's judgment of conviction should be reversed and the indictment against him dismissed, due to the conceded failure on the part of the police to comply with subdivisions 1 and 2 of section 450.10 of the Penal Law. In our view, a reversal of the judgment is not warranted under the circumstances herein.

## I

At the commencement of the trial on March 2, 1981, defense counsel alerted the court that the police and/or the District Attorney had returned the stolen property to Gertz without a court order and that this act constituted a blatant violation of subdivisions 1 and 2 of section 450.10 of the Penal Law. On the basis of this statutory violation, defense counsel made an oral application to preclude the People from introducing any other evidence regarding the identity and value of the items taken and to dismiss the indictment.

In response to this oral motion, the People conceded that (1) "the section had been violated" and (2) the instant violation was one example of a "widespread practice in Suffolk County, of returning property to the owners after photographing it and getting a signed statement from the owner of the property * * * in contravention of the section." On the issue of prejudice, the People argued that (1) the items were new and had been taken from a department store, (2) the price listed on such items reflected their market value and (3) the absence of the items themselves would not prejudice defendant at trial since other proof, i.e., photographs and price tags, would be introduced on the issue of identity and value, and defendant would have the opportunity to controvert same.

The defendant's motion was denied by the trial court, which stated, *inter alia:* "[N]onetheless, you do have the opportunity to cross-examine whatever witnesses are produced by the People to establish that these are the specific items which were, in fact, stolen from that particular store."

During the trial, the People called three witnesses: two security officers from Gertz and a police detective. Their uncontradicted testimony provided the following scenario.

Defendant was observed in the "Juniors Department" of Gertz "rolling designer jeans and placing them into [two] shopping bags." After leaving the store without paying for the merchandise, defendant was pursued by the two Gertz security officers, during which time he was seen discarding both bags. Defendant was never out of eye contact of his

pursuers and was apprehended shortly thereafter. Upon their return to the security office, the security officers removed the fourth part, or stub, of the price tag of each item of clothing — the presence of the fourth part of the price tag indicated that the item had not been paid for — and initialed and dated each. These stubs indicated the manufacturer, style and price of the item. Pictures of the stolen merchandise were also taken at that time and were similarly initialed and dated. The stubs and the pictures were admitted into evidence. The stolen merchandise recovered from the shopping bags discarded by defendant consisted of 9 pairs of designer jeans and 11 designer shirts. There were four pairs of jeans priced at $34 each, two pairs priced at $38 each and three pairs priced at $36 each. The 11 velour shirts were priced at $20 each. After completing the process of photographing the merchandise and removing the stubs, the security officers took the defendant and the stolen merchandise to the police precinct. At the precinct, the police took pictures of the stolen merchandise and returned the merchandise to the security officers, who thereupon brought it back to Gertz. The pictures taken by the police were also admitted into evidence. Defendant was given *Miranda* warnings at the precinct and, after indicating that he understood them and wished to speak without an attorney present, confessed to the crime.

Defendant did not take the stand and was convicted by the jury of grand larceny in the third degree.

## II

On appeal, appellate counsel argues, *inter alia,* that "[t]he return by the police of the stolen items to the owner department store without first obtaining court approval and without notice to defendant" was a clear violation of section 450.10 of the Penal Law requiring a reversal of the judgment and dismissal of the indictment.

Preliminarily, it should be noted that by stressing the return of the stolen property without notice to the defendant, appellate counsel is apparently referring to subdivisions 1 and 2 of section 450.10 of the Penal Law (as amd by L 1981, ch 567, eff Sept. 1, 1981), which presently provides as follows:

"§ 450.10 Disposal of stolen property

"1. When property, other than contraband, including but not limited to those items subject to the provisions of sections 410.00, 415.00, 420.00 and 420.05 of this chapter, alleged to have been stolen is in the custody of a police officer or a peace officer, it must be held subject to the order of the court in which the criminal action is pending or, if a request for its release from such custody is made, until the prosecutor has notified the defendant or his attorney of such request and both the prosecution and defense have been afforded a reasonable opportunity for an examination of the property to determine its true value and to produce or reproduce, by photographs or other identifying techniques, legally sufficient evidence for introduction at trial.

"2. Upon expiration of a reasonable time for the completion of the examination which in no event shall exceed thirty days from the date of receipt by the defense of the notice of request for return of property as provided in subdivision one hereof, the property shall be released to the person making such request after satisfactory proof of such person's entitlement to the possession thereof. The court where appropriate may condition release of the property upon an order that the property be kept intact and available for production if necessary during the pendency of the criminal action. Notwithstanding the foregoing, upon application by either party with notice to the other, the court may order retention of the property if it determines that retention is necessary in the furtherance of justice."

It is clear from the facts in this case that the statute in its present form is not applicable. However, as trial counsel argued and the People conceded, the return of the stolen property by the police to Gertz without court order, was also a violation of former subdivisions 1 and 2 of section 450.10 of the Penal Law, which, at the time of the commission of the crime and the trial herein, provided as follows:

"§ 450.10 Disposal of stolen property

"1. When property, alleged to have been stolen, comes into the custody of a peace officer, he must hold it, subject to the order of the court authorized by subdivision two to direct the disposal thereof.

"2. On satisfactory proof of the title of the owner of the property, the court in which the criminal action is pending may order it to be delivered to the owner, unless its temporary retention be deemed necessary in furtherance of justice, on his paying the reasonable and necessary expenses incurred in its preservation, to be certified by said court. The order entitles the owner to demand and receive the property."

Notwithstanding the violation of this statute by the police in the case at bar, we are of the view that an affirmance is warranted.

It has been consistently held that the People have the burden of establishing that their failure to preserve evidence was "not intentional, deliberate, or in bad faith" (see *People v Davis,* 105 Misc 2d 409, 412; *United States v Augenblick,* 393 US 348; *United States v Bryant,* 439 F2d 642). In the case at bar, the record indicates that the return of the property to Gertz was not a deliberate or bad-faith attempt by the police to destroy evidence, but was done pursuant to an arrangement between department stores and the police in Suffolk County, going back to 1973, which was designed to prevent merchandise from losing value while "sitting in the Property Clerk's office, waiting for a trial." Moreover, the identity and value of the stolen property was sufficiently established by the photographs and stubs which were admitted into evidence, and defendant's defense was not prejudiced in any way by the failure to preserve the stolen merchandise for trial (see *People v Brown,* 104 Misc 2d 157; *People v Marshall,* 93 Misc 2d 69).

### III

Although we are affirming the instant conviction, we take this opportunity to remind and caution the District Attorneys and the police departments of the various counties of this judicial department that subdivisions 1 and 2 of section 450.10 of the Penal Law specifically govern the question of the disposal of stolen property in the custody of the police, and that compliance with that statute by law enforcement personnel will be expected in the future.

We have examined defendant's remaining arguments and find them to be without merit.

GULOTTA, BRACKEN and NIEHOFF, JJ., concur.

Judgment of the Supreme Court, Suffolk County, rendered April 23, 1981, affirmed.