OPINION OF THE COURT
Margaret Gammer, J.
Defendant has moved to dismiss the charges against him or, in the alternative, to preclude the admission at trial of certain evidence, based upon the alleged improper return of property to the complaining witness in this case, in violation of section 450.10 of the Penal Law and the defendant’s right to discovery and inspection of evidence for purposes of trial preparation.
FACTS AND PROCEDURAL HISTORY
On May 29, 1983, defendant was arrested and charged with several felonies and misdemeanors arising out of the alleged theft of a motor vehicle by defendant and another unapprehended person. On that same day, defendant was arraigned, defense counsel was assigned, and the vehicle in question, a blue 1980 Chevrolet van, which had been recovered after defendant’s arrest, was impounded by the *27 property clerk. A copy of the property voucher, attached to the court papers, notes that the property was categorized as “arrest evidence”. Only two days later on May 31,1983, without any notice to defendant, the van was released to the custody of Noberto Berrios, an agent of the vehicle’s owner and the complaining witness in this case.
On June 3, 1983, the felony charges originally brought against defendant were reduced to petit larceny (Penal Law, § 155.25) and criminal possession of stolen property in the third degree (Penal Law, § 165.40). Three other misdemeanors, unauthorized use of a vehicle in the third degree (Penal Law, § 165.05), criminal mischief in the fourth degree (Penal Law, § 145.00) and possession of burglar’s tools (Penal Law, § 140.35) were retained as originally charged. The case was then adjourned for motions until July 19.
On June 13, defendant served an omnibus motion in which among other things, he requested that he be provided with a description of any property recovered during the alleged incident and an opportunity to inspect such property. The People’s answers, served on the July 19 adjourned date, named an “automobile” and “a screwdriver” and gave consent to their inspection, even though the vehicle in question had long ago been released.
On September 13, following various consent adjournments, defendant served the within motion. According to defense counsel’s affirmation in support of this motion, she was informed by Mr. Berrios, the complaining witness, that “the property [had been] returned to his employer and disposed of.” She states she was never informed that the property was going to be released and, in fact, would have opposed its return until it had been inspected and tested. She points out that the defendant has denied either taking or illegally possessing the vehicle in question. Rather, he says he was merely a passenger. However, the premature release of the property without any notice to him prevents defendant from proving that he was neither the driver of the van nor that the passenger door was inoperable, thereby forcing him to exit from the driver’s side. Thus, defendant asserts that section 450.10 of the Penal Law has been violated and that such violation has now effectively *28 denied him his right to discovery pursuant to CPL article 240. He further contends that the return of the van and its subsequent disposition is tantamount to a suppression by the People of vital and potentially exculpatory evidence, in violation of defendant’s rights under Brady v Maryland (373 US 83).[1]
In opposition, the People claimed, among other things, that the Chevrolet van was released pursuant to a court order and that, therefore, its return was done in full compliance with the Penal Law. Nevertheless, the District Attorney was unable to provide the court with a copy of the claimed court order. Therefore, the prosecution was given several opportunities to obtain proof of the existence of such an order.
On October 14, 1983, when the People were still unable to produce a copy of the claimed court order, a hearing was held at their request to determine whether the release of the vehicle had been authorized by such an order. The only witness presented at the hearing was Police Officer Ciullo of the 75th Precinct who was in charge of property release on May 31, 1983, the date the Chevrolet van was released to Mr. Berrios. Based upon the testimony adduced at the hearing, this court finds that the van was released pursuant to an order signed by another Judge of this court on the ex parte application of an Assistant District Attorney and premised on a request by the complaining witness.
CONCLUSIONS OF LAW
Since 1971, the disposition of property alleged to have been stolen has been controlled pursuant to section 450.10 of the Penal Law. Under the old form of the statute, since amended, the property was required to be held “subject to the order of the court * * * to direct the disposal thereof.” (Penal Law, § 450.10, subd 1; L 1971, ch 545, § 30.) However, in 1980, the Legislature amended the law, providing for two alternative means of disposal. Subdivision 1 of section 450.10 now requires that stolen property “must be *29 held subject to the order of the court” or where a request is made for the property by one entitled to possession of it, release is permitted according to a specifically mandated procedure which does not require court intervention, provided that law enforcement personnel satisfy the conditions precedent set forth by the statute. (Penal Law, § 450.10, subd 1, as amd by L 1980, ch 843, § 55, L 1981, ch 567, § 1; see, also, People v Lazarus, 114 Misc 2d 785, 787.) These conditions include notice to the defendant of such a request and “a reasonable opportunity for an examination of the property to determine its true value and to produce * * * legally sufficient evidence for introduction at trial.” (Penal Law, § 450.10, subd 1, as amd.) Thus, the amendments to section 450.10 were designed to satisfy a twofold purpose: “[T]o accomplish the prompt return of stolen property to a victim entitled to the possession of that property and to establish an extrajudicial administrative procedure which would, at the same time, protect a defendant’s right to inspect the property and preserve legally sufficient evidence for introduction at trial.” (People v Lazarus, supra, at p 788.)
In the instant case, the complaining witness, who needed his vehicle for commercial purposes, reasonably requested its return. This request should have triggered resort by law enforcement authorities to the second alternative method provided under section 450.10 of the Penal Law. Under the statute’s provisions, the District Attorney’s office should have notified defense counsel of Mr. Berrios’ request and afforded her a “reasonable opportunity” to inspect the van prior to its release.[2] Had this procedure been properly observed, the defendant’s right to discovery of vital and possibly exculpatory evidence should have been adequately preserved for trial. Instead, as established by the very credible testimony of Officer Ciullo and arguments made by the Assistant District Attorney at the hearing before this court on October 14, the People sought and obtained, on ex parte motion, a court order whereby, without any notice to the defendant nor any opportunity for *30 inspection by him, the complaining witness in this case was able to procure the release of the vehicle in question.
Certainly, at this juncture, the validity of the order which authorized the release of the van to Mr. Berrios is not in question, nor would such an issue be within the scope of this court’s jurisdiction. However, since the responsibility to safeguard and preserve evidence gathered against an accused lies with the prosecutor,[3] it is certainly within the purview of this court’s discretion to decide whether the People’s failure to do so here was “intentional, deliberate or in bad faith.” (See United States v Bryant, 439 F2d 642; People v Saddy, 84 AD2d 175.) In light of the facts of this case, this court does so find.
As stated above, in total disregard of a clearly delineated statutory framework, the People in this case chose to procure an ex parte court order for release of property, thereby avoiding the notice and discovery procedures that the Legislature mandated by its amendment of section 450.10 of the Penal Law. Contrary to the legislative intent, the People have failed to preserve evidence that is the “very essence of the crime” in this case. (See People v Davis, 109 Misc 2d 230, 233.) As a result of this failure, information as to the identity and condition of the stolen property at the time of the incident, which cannot be sufficiently established by photographs or other evidence and is vital to defendant’s proofs at trial, has been forever suppressed, thereby causing irreparable prejudice to defendant. (Cf. People v Angelo, 93 AD2d 264, 268; People v Bell, NYLJ, Aug. 25,1983, p 12, col 1.) Even if, as the People assert, the van is still in the possession of its owner and remains available, once the property has been released from official custody, proof that it is in the same condition as when allegedly stolen would be, at best, a speculative matter. (See Hechtman, 1981 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, 1983-1984 Pocket Part, Penal Law, § 450.10, p 72.) Thus, by its conduct, the prosecution has deprived defendant of potentially valuable material relating to his defense, in direct *31 contravention of its duty to diligently preserve all materials which should be subject to disclosure. (See Brady v Maryland, 373 US 83, supra; United States v Bryant, 439 F2d 642, supra; People v Saddy, 84 AD2d 175, supra.) Clearly, this is just such a situation in which “the unavailability of the article will deprive defendant of a fair trial. (Cf. People v Marshall, 93 Misc 2d 69, 70.)
In the interest of justice, this court cannot permit the People to introduce, for their purposes, the very same evidence which, by their own conduct, they have caused defendant to be deprived of. Thus, defendant’s motion will be granted.
The only issue now remaining for this court to decide is the appropriate sanction for the prosecutor’s failure to preserve the evidence in this case. The People have cited People v Marshall (supra) in support of their position that dismissal of the charges here would be “unwarranted and excessive.” It is the People’s contention that whether the unavailability of the property will deprive defendant of a fair trial can “properly be determined only after consideration of all the evidence at the trial and not prior thereto.” (People v Marshall, supra, at p 70.) However, as this case presents the loss of evidence that is essential to proving the prima facie elements of the People’s case, preclusion of this evidence and any testimony related to it would reduce the trial to an exercise in futility, not to mention the wasteful expenditure of this court’s valuable time and resources. Therefore, since evidence that is “the very essence of the crimes charged” (see People v Davis, supra, at p 233) is no longer available, nor can it be made available at any future time, this court has no choice but to dismiss the information in this case.

. Even if, as the People note in their answering affirmation, the vehicle’s owner is still in possession of the van and it is thus available, the People acknowledge that “any repairs were done by the owner”. An inspection of the vehicle by defendant at this juncture, particularly when its condition has been altered by an interested party, would provide defendant with no opportunity to discover the condition of the van at the time of his arrest.

. In practice, this notice is often given on the record at arraignments or upon defense counsel’s first appearance in court, expediting the speedy release of the property to its owner and still protecting the defendant’s trial preparation rights. However, in this case, there is no indication that any such notice was given.

. “The People have always had and will continue to have a heavy burden of retaining evidence for a criminal trial, especially in cases where that property is specifically discoverable by the defense pursuant to our discovery statutes (see CPL art 240).” (People v Davis, 109 Misc 2d 230, 232.)'