OPINION OF THE COURT
Gloria Cohen Aronin, J.
Defendant Israel Lopez moves to dismiss the applicable counts of the indictment or to preclude any evidence obtained from the stolen property, to wit, an automobile, on the ground that such property was returned to the victim without notice to the defendant as required by section 450.10 of the New York Penal Law.
Defendant is charged in the indictment with the crimes of criminal possession of stolen property in the first degree, grand larceny in the second degree, criminal mischief in the fourth degree, and unauthorized use of a motor vehicle in the third degree.
On February 3, 1983, defendant was arrested and arraigned on the above charges. The automobile in question, a 1978 Pontiac Grand Prix, was impounded by the police.
On February 7, 1983, an application was made by the owner of the auto, Sam Acri, for the release of the stolen automobile. According to the Assistant District Attorney, an ex parte order was issued, releasing the property, but no copy of this order was available for submission to this court. Concededly, no notice of the request, application, or order was given to defendant.
*135 Although the court file did not contain defendant’s demand to produce, it did contain the District Attorney’s response to said demand to produce dated July 11, 1983, which stated that the claimed property was being held by the police department and inspection would be arranged upon request. No request to inspect ensued, although according to defendant’s counsel, several calls were made to the District Attorney’s office in September or October of 1983, in which defendant was assured that the property was still being held by the police department. No photographs of the automobile were available at the time of trial. No fingerprints of the automobile were taken by the police.
The application to make this motion was made during voir dire and the motion made and argued after selection of the jury by counsel orally.
The applicable statute is section 450.10 of the New York Penal Law, which was revised in 1981. The present statute in relevant part reads as follows:
“1. When property, other than contraband, including but not limited to those items subject to the provisions of sections 410.00, 415.00, 420.00 and 420.05 of this chapter, alleged to have been stolen is in the custody of a police officer or a peace officer, it must be held subject to the order of the court in which the criminal action is pending or, if a request for its release from such custody is made, until the prosecutor has notified the defendant or his attorney of such request and both the prosecution and defense have been afforded a reasonable opportunity for an examination of the property to determine its true value and to produce or reproduce, by photographs or other identifying techniques, legally sufficient evidence for introduction at trial.
“2. Upon expiration of a reasonable time for the completion of the examination which in no event shall exceed thirty days from the date of receipt by the defense of the notice of request for return of property as provided in subdivision one hereof, the property shall be released to the person making such request after satisfactory proof of such person’s entitlement to the possession thereof. The court where appropriate may condition release of the property upon an order that the property be kept intact and *136 available for production if necessary during the pendency of the criminal action. Notwithstanding the foregoing, upon application by either party with notice to the other, the court may order retention of the property if it determines that retention is necessary in the furtherance of justice” (subds 1, 2, as amd by L 1981, ch 567).
The statute in relevant part prior to enactment of the new statute reads:
“1. When property, alleged to have been stolen, comes into the custody of a peace officer, he must hold it, subject to the order of the court authorized by subdivision two to direct the disposal thereof.
“2. On satisfactory proof of the title of the owner of the property, the court in which the criminal action is pending may order it to be delivered to the owner, unless its temporary retention be deemed necessary in furtherance of justice, on his paying the reasonable and necessary expenses incurred in its preservation, to be certified by said court. The order entitles the owner to demand and receive the property.” (Penal Law, § 450.10, former subds 1, 2.)
Under the present section 450.10 of the New York Penal Law, under which the facts herein fall, it is clear that upon a request for return of property by the owner, the People must give notice to the defendant to give the defendant the opportunity to inspect. Such notice is required under the statute whether the District Attorney proceeds by court order or not. Therefore an ex parte order does not satisfy the statute’s requirement of notice. (People v Cruz, NYLJ, Jan. 5, 1984, p 6, col 4 [App Term, 1st Dept]; People v Howard, 122 Misc 2d 26.) Such notice is a “condition precedent” to release. (People v Lazarus, 114 Misc 2d 785.)
In the instant case, a request for a return of the property was made as indicated by the application for an ex parte order releasing the car, signed by the owner. The order was not on notice and the prosecutor’s office failed to notify the defendant of the impending release; therefore defendant was denied a fair opportunity to inspect the property. While this court is aware that the District Attorney, Kings County, frequently uses this procedure, it determines that the procedure is in violation of section 450.10 of the New York Penal Law.
*137 The statute in question, both before and after the 1981 amendment, provides no remedy for failure to comply. Prior to the statute’s amendment, the court, in determining what sanctions, if any, to apply for releasing stolen property to its owner in violation of the statute, considered certain factors hereinafter enumerated. (People v Angelo, 93 AD2d 264.) In the opinion of this court, these considerations apply equally to the statute after its amendment providing a different procedure in aiding the court to fashion a remedy, if any. (People v Cruz, supra.)
The first of these factors is the question of whether the People acted in good faith; whether the failure to notify defendant was either “intentional, deliberate, or in bad faith”. (People v Davis, 109 Misc 2d 230, 232.)
The court finds that the conduct of the office of the District Attorney was clearly not an intentional attempt to deprive defendant of the right to inspection of the evidence. However, its failure to provide photographs and, even more, giving the defendant misleading information to the effect that the police continued to hold the property, when in fact the property had been released, does not meet the heavy burden of establishing good faith on the part of the People. (People v Davis, supra.)
The second factor to be considered is whether defendant by his own conduct unreasonably delayed any inspection of the property. (People v Bell, NYLJ, Aug. 25,1983, p 12, col 1.) Although the defendant was notified in the People’s response to his demand to produce that the police held the property in question, and the defendant apparently called the District Attorney’s office on a few occasions and was informed again (though erroneously) that the property was in their custody, defendant failed to attempt to inspect. Had the defendant requested inspection, this entire matter would have been disposed of timely. Instead defendant waited until the middle of voir dire to raise the issue. Thus, defendant’s own conduct is a contributing factor.
The third and most important question is whether defendant has in fact been prejudiced by the manner of the People’s release of stolen property. The court must be convinced that the denial of defendant’s right of inspection resulted in a definite prejudice to him before it will impose any sanctions. (People v Cruz, supra; People v Angelo, *138 supra.) As to the value of the car, defendant suffered no prejudice since the car continued to be available for inspection while in the hands of the complainant. The car was valued in excess of $4,500; it is highly improbable that any inspection would find the value to be below $1,500, the threshold amount for grand larceny in the second degree and criminal possession in the first degree. As to fingerprints, any prints obtained from the automobile that could be introduced into evidence could only have injured the defendant’s case; therefore the denial of opportunity to inspect for fingerprints is nonprejudicial to defendant.*
As to any damage to the car as alleged in the criminal mischief count of the indictment, the defendant is prevented from controverting any testimony in the People’s case of damage to the car by its inability to inspect. Inspection in this regard after release to the complainant would be unreliable because of the probability of repair.
Therefore the motion is granted to the extent of precluding any evidence as to damage sustained to the automobile.
Both defense counsel, the Legal Aid Society, and the office of the District Attorney, have exhibited a lack of diligence and care in this case.
Defendant failed to request inspection or to timely pursue his remedies for denial of such request. The People proceeded to release stolen property in violation of law and exacerbated the situation by misleading the defense as to the whereabouts of the property.
This court draws attention to the warning issued by the Appellate Division, Second Department, in People v Angelo (supra, at p 268) “we take this opportunity to remind and caution the District Attorneys and the police departments of the various counties of this judicial department that subdivisions 1 and 2 of section 450.10 of the Penal Law specifically govern the question of the disposal of stolen property in the custody of the police, and that compliance with that statute by law enforcement personnel will be expected in the future.”

 A subsequent motion was made and granted that the District Attorney be precluded from adducing evidence that no fingerprints could be extracted from the car. The opportunity to attack the credibility of such testimony would be prevented by defendant’s inability to inspect.