*See Graham v. State,* 547 S.W.2d 531 (Tenn. 1977).

I must concur with Judge Wade's opinion.

**STATE of Tennessee, Appellee,**

v.

**Charlie Lynn BARGER, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 21, 1994.

A. Philip Lomonaco, Knoxville, for appellant.

Charles W. Burson, Atty. Gen., Ruth A. Thompson, Nashville, William E. Dossett (Deceased), Dist. Atty. Gen., Robert L. Jolley, Jr., David C. Jennings, Asst. Dist. Attys. Gen., Knoxville, for appellee.

### OPINION

SCOTT, Presiding Judge.

Charged with a variety of offenses, the appellant was convicted of aggravated burglary, for which he received a sentence of fifteen years in the state penitentiary; theft of property valued at more than $500.00, but less than $1,000.00, for which he received a sentence of six years; aggravated assault, for which he received a sentence of fifteen years; and possession of a weapon while escaping from an offense, for which he received a sentence of six years. The sentences are to run concurrently and consecutively to yield an effective sentence of thirty years in the state penitentiary as a career offender. On appeal the appellant has presented one issue, contending that the trial judge erred by denying his motion to inspect the scene of the crime.

The offenses took place at the home of Missy Smith at 1212 Westbury Road in Knoxville. The appellant burglarized her home and was observed by neighbors, who took steps to stop him when he left the house. One of the neighbors was shot in the leg by the appellant after he hit the appellant with a steel bar.

The appellant's counsel went to the scene and observed the area. However, he sought permission from Ms. Smith to return to her home to inspect the premises in preparation for the trial. Ms. Smith spoke to an Assistant District Attorney General who told her that it was up to her to decide whether to allow defense counsel to visit her property. She declined.

In the trial court and in this Court the appellant has contended that his counsel has an absolute right to inspect the scene of the crime. This is apparently an issue of first impression in Tennessee and elsewhere. The relevant portion of the discovery and

inspection rule of the Tennessee Rules of Criminal Procedure provides as follows:

> Upon request of the defendant, the State shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the State, and which are material to the preparation of his defense or are intended for use by the State as evidence in chief at the trial, or were obtained from or belong to the defendant. Rule 16(a)(1)(C), Tenn.R.Crim.P. (Emphasis added)

The state asserts that the victim's home is not "within the possession, custody or control of the state" and, therefore, the trial judge cannot force the victim to open her home to the defense counsel. The defense asserts that the right to inspect the premises is "elementary" and has "never been denied" in a similar situation.

The rule clearly provides that it extends only to property of which the state has "possession, custody or control." With the items of tangible evidence enumerated in the rule, discovery is relatively simple because the state, acting through its agents, can take control of books, papers, documents, photographs or other tangible objects. However, with real property and the buildings located thereon, where crimes have taken place, it is an entirely different matter. At the scene of a crime, the investigative agency obviously takes control of the scene during the investigation in order to exclude bystanders and curious sightseers to facilitate the administration of aid to the victims and the gathering of evidence. However, in a relatively short time the control of the premises is returned to the owner or other legal occupant and the investigators relinquish control. This is obviously necessary since it is unlikely that the trial of the case will occur for several months. It would be ludicrous for the state to even assert that it could take and maintain "possession, custody or control" of a business or a home which was fortuitously the scene of a crime for many months while awaiting the trial of the case.[1]

Thus, in the ordinary course of events following a crime, the premises are returned to the possession of the owner or other occupant, who is then free to exclude anyone except those that he or she chooses to admit to the property. Therefore, the owner or occupant can refuse admittance to the representatives of the state and the defense. The Fourth Amendment to the United States Constitution and Article 1, § 7 of the Tennessee Constitution preserve the right of the owners of property to be "secure in their ... houses" and be free from unreasonable searches and seizures. There is no carte blanche relinquishment of this valuable right simply because one has been the victim of a crime or because a crime has taken place on one's property.

Of course, upon a showing of a particularized need, the trial judge could issue an order authorizing a search of the premises for evidence for either the prosecution or the defense. In that case, the property owner and occupant would be entitled to notice and a hearing before authorizing what would amount to an extraordinarily invasive examination of the property by counsel for either side.

---

1. Even personal property may, under some circumstances be returned to its owner pending trial. In New York, there is a statute requiring the prompt return of stolen property, other than contraband, to its owner. This is accomplished by court order or by an extra-judicial administrative procedure set forth in the statute. N.Y. Penal Law § 450.10 (Consol. 1989 & Supp. 1993). This statute was apparently amended in response to the opinions in *People v. Davis*, 105 Misc.2d 409, 432 N.Y.S.2d 350, 352 (City Ct. of Syracuse 1980), *aff'd*, 109 Misc.2d 230, 439 N.Y.S.2d 798, 800 (Onondaga Co.Ct.1981) (holding "only in the rarest of circumstances shall stolen property be released ((to its owner)) prior to the termination of the related criminal proceedings", and only then by "a considered decision" by the court, as provided in the statute.) The purpose of the amendment was to "accomplish the prompt return of stolen property to a victim" ... and to establish a procedure to "protect a defendant's right to inspect the property and preserve legally sufficient evidence for introduction at trial." *People v. Lazarus*, 114 Misc.2d 785, 452 N.Y.S.2d 305, 307 (Nassau Co.Ct.1982). Strict adherence to the procedures set forth in the statute is required. *People v. Howard*, 122 Misc.2d 26, 469 N.Y.S.2d 871, 874 (N.Y.Crim.Ct. 1988).

In some circumstances the trial judge may permit the jury to visit and view the scene of the crime. 3 Charles E. Torcia, *Wharton's Criminal Evidence*, § 597 (14th ed. 1987), citing numerous cases from various jurisdictions. However, a view by the jury is rare in civil cases and rarer still in criminal trials. In the event a view is ordered, the trial judge could, on proper notice, issue appropriate orders to the property owners and occupants to allow the view by the jury.

In this case the trial judge did not err by denying defense counsel's request for a Rule 16(a)(1)(C) order directed to the victim to allow him to inspect her property, since such an inspection is beyond the reach of the rule, which applies only to property in the "possession, custody or control of the state." Furthermore, no particularized need has been shown for the trial judge to exercise the court's extraordinary authority to authorize a search of the premises for evidence.

The judgment is affirmed.

SUMMERS and WHITE, JJ., concur.