OPINION OF THE COURT
Claire I. Weinberg, J.
Defendant presently is charged with petit larceny and criminal mischief in the fourth degree, both A misdemeanors. The petit larceny charge was reduced from grand larceny in the fourth degree. It is alleged the defendant stole and damaged several pieces of stereo equipment from the complainant’s van. Defendant contends the property was abandoned at the time he took it and that he returned the property in working order. He seeks dismissal of both counts on the ground that the police violated his rights pursuant to Penal Law § 450.10 to inspect the property prior to its release to the owner. This section addresses the obligations of the police and/or the People in serving notice on the defendant before any property is returned to the owner, and on the sanctions or remedies which the court may impose if a violation of this section is found to have occurred. The People claim that the property was never in police custody so that Penal Law § 450.10 is not applicable, or in the alternative, if there has been a violation of this section, dismissal is not a proper or permitted remedy.
I. Did the police have custody?
It is uncontroverted that the defendant brought the property to the Freeport Police Department and surrendered it to Detective Garrity, at which time he was arrested. Detective Garrity took possession of the property, photographed the items and returned them to the owner. No notice was given to the defendant as to where this property was being held, nor the time limitations within which he could arrange for inspection. This was especially important in this instance since the property was not new. Value and the damage done by this defendant were key issues and the property itself was crucial evidence.
Therefore, it was evident at the time it was surrendered by the defendant to the detective that the property was indeed in police custody. At that point, it was necessary to give notice *173 pursuant to Penal Law § 450.10 and to allow the defendant time to inspect and/or to allow time for defendant’s expert to inspect this property.
II. Permissible Sanctions or Remedies
Penal Law § 450.10 (10) makes it very clear that dismissal is not an authorized remedy. It states in part: "Failure to comply with any one or more of the provisions of this section shall not for that reason alone be grounds for dismissal of the accusatory instrument.”
The key issue in fashioning a remedy is the degree of prejudice, if any, suffered by the defendant because of failure to comply with this section. "In fashioning an 'appropriate’ response to the prosecution’s wrongful failure to preserve evidence (see CPL 240.70, subd 1), the degree of prosecutorial fault surely may be considered, but the overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society.” (People v Kelly, 62 NY2d 516, 520.)
In assessing the prejudice to the defendant, each of these counts is discrete and must be considered individually.
To sustain a charge of petit larceny, the People need not prove a specific value. (This would not be true with the original charge of grand larceny.) Therefore, it would appear that in regard to this count, the defendant has not suffered "undue prejudice” (Penal Law § 450.10 [10]). The trial court will consider the degree of prejudice, if any, caused to the defendant and instruct the jury accordingly.
The charge of criminal mischief in the fourth degree presents a very different issue. What damage was done to this equipment, if any; when was any such damage done; did any such damage predate defendant’s possession of this equipment and was any such damage intentional? These issues comprise vital elements of this criminal mischief charge. Defendant had the absolute right to have an expert examine this equipment in order to aid defense counsel in cross-examining witnesses and to offer testimony in defense of this charge and even to determine restitution. The defendant has suffered undue prejudice by the failure of the police to comply with this section. Therefore, the People are precluded from offering into evidence, in regard to the criminal mischief charge only, the *174 property, photographs of the property or any testimony relating to damage to the property. (See, People v Kelly, supra; People v Lopez, 123 Misc 2d 134.)
Accordingly, the defendant’s motion to dismiss these charges is denied. However, all evidence as to any damage to the property is precluded.