OPINION OF THE COURT
Patricia P. Satterfield, J.
Petitioner, by order to show cause signed May 24, 2000 (Satterfield, J.), petitioned this court for an order, pursuant to section 9.60 of the Mental Hygiene Law, authorizing assisted outpatient treatment for Jesus A., respondent, who currently is hospitalized at Elmhurst Hospital Center. The hearing on this application initially set for May 26, 2000 was adjourned to June 6, 2000. Respondent, by his attorney, Mental Hygiene Legal Service, Second Department, immediately moved to dismiss the petition on the ground that it failed to state a cause of action, contending that the petition does not comply with the pleading requirements of section 9.60 (e) (2) (ii). That application also was returnable on June 6, 2000; the hearing on the petition was held in abeyance, pending a determination of the motion to dismiss.
Section 9.60 of the Mental Hygiene Law, known as “Kendra’s Law,” was enacted by the State Legislature in 1999 and became effective November 8, 1999. This legislative enactment established court-ordered assisted outpatient treatment as a mode of treatment for some persons with mental illness. The State Legislature, in its legislative findings, stated (L 1999, ch 408, § 2): “The legislature finds that there are mentally ill persons who are capable of living in the community with the help of family, friends and mental health professionals, but who, without routine care and treatment, may relapse and become violent or suicidal, or require hospitalization. The *41 legislature further finds that there are mentally ill persons who can function well and safely in the community with supervision and treatment, but who without such assistance, will relapse and require long periods of hospitalization.”
Kendra’s Law establishes the criteria for assisted outpatient treatment, as well as the requisite pleading requirements for the petition presented to the court. Section 9.60 (c) provides, in pertinent part, that a patient may be ordered to obtain assisted outpatient treatment if the court finds, inter alia, that:
“(4) the patient has a history of lack of compliance with treatment for mental illness that has:
“(i) at least twice within the last thirty-six months been a significant factor in necessitating hospitalization in a hospital, or receipt of services in a forensic or other mental health unit of a correctional facility or a local correctional facility, not including any period during which the person was hospitalized or incarcerated immediately preceding the filing of the petition or;
“(w ^suited in one or more acts of serious violent behavior toward self or others or threats of, or attempts at, serious physical harm to self or others within the last forty-eight months, not including any period in which the person was hospitalized or incarcerated immediately preceding the filing of the petition.”[1]
Section 9.60 (e) (2), inter alia, sets forth the pleading requirements, providing, in pertinent part:
“(2) The petition shall state:
*42 “(i) each of the criteria for assisted outpatient treatment as set forth in subdivision (c) of this section;
“(ii) facts which support such petitioner’s belief that the person who is the subject of the petition meets each criterion, provided that the hearing on the petition need not be limited to the stated facts.”[2]
This first pleading requirement under subdivision (e) (2), that the petition state each of the criteria for assisted outpatient treatment as set forth in subdivision (c) of section 9.60, is the subject of respondent’s motion to dismiss. His attack on the sufficiency of the pleading is twofold. First, he alleges that the petition is defective because it fails to satisfy the pleading requirements of subdivision (e) (2) (ii) requiring the pleading of “facts which support such petitioner’s belief that the person who is the subject of the petition meets each criterion.” This failure, respondent alleges, is fatal because the pleadings thus fail to demonstrate, either in the petition or in the supporting affidavit of Victor Vasquez, M.D., that respondent meets the criteria for assisted outpatient treatment as set forth in subdivision (c) (4) (ii) of section 9.60. Respondent concludes that in the absence of specific facts to demonstrate alleged violent behavior or any allegation that respondent meets the criteria of subdivision (c) (4) (i), the petition must be dismissed. This court agrees.
The specificity in pleading required under Kendra’s Law is not to be taken lightly. This court, does not view the sufficiency requirements as simply technical pleading requirements. The statutory requirement that facts be alleged to Support “petition *43 er’s belief that the person who is the subject of the petition meets each criterion” (Mental Hygiene Law § 9.60 [e] [2] [ii]) for assisted, outpatient treatment speaks not only to due process rights, but such specificity enables the respondent to prepare and interpose a defense. The constitutional safeguards referred to in the petition — with respect to the protections afforded to a patient by “permitting the limitation of the patient’s liberty interest only if this Court finds by clear and convincing evidence that the subject of the petition meets the criteria for assisted outpatient treatment” — attach to the petition itself. It follows that in order to make an informed decision in accordance with the statutory mandate, the court must have before it for consideration all of the facts upon which the petitioner is relying. Here, the petition and the supporting affirmations at issue neither afford the protections contemplated by the statutory requirements nor satisfy the statutory pleading requirements.
Dr. Vasquez states, in his affirmation, without any supporting documentation or specification, that respondent “has a long history of noncompliance with aftercare followup and medications which has led to physically violent behavior resulting in hospitalizations and criminal incarcerations.” Similarly he states, in a conclusory manner, that respondent has a “previous history of homelessness that has led to incarcerations and hospitalizations for dangerous behavior.” Then, in language tending to be tailored to satisfy the statutory language, he states that respondent “has a history of lack of compliance with treatment that has resulted in one or more acts of serious violent behavior toward self or others.” Clearly, these allegations, which are nothing more than conclusions, not facts, are insufficient. It thus is the holding of this court that, as in all other cases, allegations which are nothing more than broad, simple, conclusory statements are insufficient to state a claim under section 9.60 of the Mental Hygiene Law. (See, e.g., Zuckerman v City of New York, 49 NY2d 557; Matter of Friends World Coll. v Nicklin, 249 AD2d 393; Morgan v New York Tel., 220 AD2d 728; Varela v Investors Ins. Holding Corp., 185 AD2d 309.) This court further holds that the failure to comply with the statutory sufficiency requirements contained in section 9.60 of the Mental Hygiene Law is a nonwaivable jurisdictional defect.
In an attempt to cure the perceived defects in pleading, petitioner submitted a supplemental affirmation of Dr. Vasquez, signed on June 5, 2000, which stated: “On August 26, *44 1999 respondent was arrested and charged with assaulting strangers and was incarcerated at Rikers Island for 5 months. Moreover, on September 29, 1999 respondent was referred to the Mental Observation Unit due to being aggressive, hostile and grabbing other inmates in their beds. Finally, on January 28, 2000 respondent was again transferred to the Mental Observation Unit because respondent was confused and assaultive, hitting other inmates in the head. Respondent was non-compliant with medications throughout his stay at Rikers Island resulting in violent behavior, thus making him a threat to others.” This affirmation, which is insufficient on its face, does not cure the jurisdictional defect of the initial pleadings. An affirmation, to be sufficient, must be made upon personal knowledge or upon information and belief in which event the source of the information and the grounds for the belief must be provided. (See, Albrecht v Area Bus Corp., 249 AD2d 253; People v Lazarus, 114 Misc 2d 785.) The affirmation neither states that the allegations are based upon the personal knowledge of Dr. Vasquez nor identifies the source of such information. This court thus does not reach the issue of whether the allegations contained in Dr. Vasquez’s affirmation represent inadmissible hearsay, which may be a factor to consider on subsequent petitions. (See, Siagkris v K & E Mech., 248 AD2d 458; Zuckerman v City of New York, 49 NY2d 557, 563, supra; Glover v Sunnyside Referral Servs., 210 AD2d 377; Bahlkow v Greenberg, 185 AD2d 829; Albrecht v Area Bus Corp., supra.) Suffice it to say that in other civil actions and proceedings, it is well settled that “[w]hile it is true that, ordinarily, physicians’ office records or hospital records are admissible to the extent that they are germane to diagnosis and treatment, including medical opinions [citations omitted], where the source of the information on the hospital or doctor’s record is unknown, the record is inadmissible [citations omitted].” (Ginsberg v North Shore Hosp., 213 AD2d 592.) Whether a less stringent standard will apply to cases arising under Kendra’s Law is an open question.
Accordingly, respondent’s motion to dismiss the petition is granted, and the petition hereby is dismissed, without prejudice.

. The other criteria set forth in subdivision (c) are:
“(1) the patient is eighteen years of age or older; and
“(2) the patient is suffering from a mental illness; and
“(3) the patient is unlikely to survive safely in the community without supervision, based on a clinical determination; and * * *
“(5) the patient is;, as a result of his or her mental illness, unlikely to voluntarily participate in the recommended treatment pursuant to the treatment plan; and
. “(6) in view'sof the patient’s treatment history and current behavior, the patient is in need of assisted outpatient treatment in order to prevent a relapse or deterioration which would be likely to result in serious harm to the patient or others as defined in section 9.01 of this article; and
“(7) it is likely that the patient will benefit from assisted outpatient treatment; and
“(8) if the patient has executed a health care proxy as defined in article 29-C of the public health law, that any directions included in such proxy shall be taken into account by the court in determining the written treatment plan.” (Mental Hygiene Law § 9.60 [c].)

. The other pleading requirements set forth in subdivision (e) are:
“(iii) that the subject of the petition is present, or is reasonably believed to be present, within the county where such petition is filed.
“(3) The petition shall be accompanied by an affirmation or affidavit of a physician, who shall not be the petitioner, and shall state either that:
“(i) such physician has personally examined the person who is tile subject of the petition no more than ten days prior to the submission of ¿he petition, he or she recommends assisted outpatient treatment for the ,subject of the petition, and he or she is willing and able to testify at the hiring on the petition; or ;
“(ii) no more than ten days prior to the filing of the petition, such physician or his or her designee has made appropriate attempts to elicit the cooperation of the subject of the petition but has not been successful in persuading the subject to submit to an examination, that such physician has reason to suspect that the subject of the petition meets the criteria for assisted outpatient treatment, and that such physician is willing and able to examine the subject of the petition and testify at the hearing on the petition.” (Mental Hygiene Law § 9.60 [e] [2].)