OPINION OF THE COURT
Jeffry H. Gallet, J.
The respondent in this juvenile delinquency proceeding is charged with grand larceny in the third degree (Penal Law § 155.35), possession of stolen property in the third degree (Penal Law § 165.50), and unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]), all involving a certain 1988 Honda automobile (the Automobile).
He moves here to preclude any evidence regarding the Automobile, arguing that the prosecutor failed to comply with both the spirit and letter of Penal Law § 450.10 before releasing the Automobile.
FACTS
The facts on this motion are, essentially, undisputed. On March 14, 1989, the respondent was arrested and the Automobile seized. On March 20, 1989, the respondent and his mother appeared in Family Court but the prosecutor declined to commence a proceeding by filing a petition that day and, instead, resummoned the respondent to return another day.
The prosecutor did give the respondent and his mother a document entitled "Notice of Release of Stolen Property Pursuant to Penal Law Section 450.10”. In the lower left-hand corner of that document there is a place where receipt can be acknowledged by the respondent, the respondent’s parent and the respondent’s attorney. The respondent and his mother acknowledged receipt and the word "none” is entered on the line where a respondent’s attorney would acknowledge receipt.
The notice informed the respondent that the Automobile was located at the "Whitestone pound” in Flushing, New York. It informs the respondent that he may "arrange” to examine, test, photocopy or otherwise reproduce the property *551 prior to its being released by calling a certain telephone number.[2]
Respondent took no action to examine or photograph the Automobile based on the notice and the prosecutor made no effort to photograph the Automobile.
On August 11, about five months after his arrest, the prosecutor filed the subject juvenile delinquency petition against the respondent. At that time, the respondent was advised of his right to counsel and counsel was appointed for him by the court. During the period between five days after notice of the prosecutor’s intention to release the property was given to the respondent and his mother and the day the respondent was arraigned, the property was released.
FIRST ISSUE
The first issue here is whether the service of a notice pursuant to Penal Law §450.10 on a juvenile respondent, eligible for the appointment of counsel, and his mother, prior to the appointment of counsel, and almost five months prior to the commencement of a proceeding against the respondent, meets the requirements of Penal Law § 450.1Ó.[3]
INTERPRETING PENAL LAW § 450.10
The Legislature, to assist courts in statutory interpretation, has adopted a textual treatise on the construction and legal interpretation of statutes. (McKinney’s Cons Laws of NY, Book 1, Statutes.) That treatise instructs us, among other things, to look first to the natural and obvious meaning of the words used (McKinney’s Cons Laws of NY, Book 1, Statutes §94); that we may depart from the literal construction of those words to sustain the Legislature’s intent (McKinney’s Cons Laws of NY, Book 1, Statutes § 111); and to avoid an interpretation which would cause hardship or injustice (McKinney’s Cons Laws of NY, Book 1, Statutes § 146).
*552 It is within that framework that we must interpret section 450.10. In this statute, which has been substantially amended three times in recent years, the Legislature appears to be attempting to balance the due process rights of an accused against a crime victim’s right to return of stolen property. (People v Howard, 122 Misc 2d 26, 29.) It is from that finding of legislative intent I begin.
Although the parties do not contest the applicability of section 450.10 to juvenile delinquency proceedings, it would appear that the Legislature, in drafting that statute, had the adult criminal justice system, rather than the juvenile justice system, in mind. Accordingly, some comparison of the juvenile and adult justice systems is required to analyze the statute.
When a child is arrested, she or he is either brought before a Family Court Judge for arraignment or for a prepetition hearing or summoned to appear at the prosecutor’s office for further proceedings. In the former case, the child either retains counsel or is assigned a Law Guardian. In the latter case, it is not unusual for a child to be "resummoned” one or more times and, if a proceeding is commenced, for the commencement, and therefore arraignment, to be delayed for a considerable period of time. Except in the unusual case where a child can afford to retain a lawyer, counsel is assigned at the time the child is arraigned. It is not unusual, in the City of New York, for a child arrested in a case involving an automobile, to be summoned and resummoned rather than arraigned before a Family Court Judge, particularly if the arrest is the child’s first contact with the Family Court.
An adult arrested in a case involving an automobile is almost always brought before a Judge for arraignment before being released. In the rare cases where an adult is summoned to appear, she or he is arraigned before a Judge on the first appearance. In either case, a defendant is promptly advised of the right to counsel and assigned an attorney where that is appropriate.
RELEASE OF PROPERTY
Section 450.10 provides for the release of property being held as evidence, upon the owner’s demand,[4] when certain conditions are met. The primary requirement is that a notice be served advising "the defendant or his counsel of the date on which the property will be released and the name and *553 address of a person with whom arrangements can be made for examination, testing, photographing, photocopying or other reproduction of said property.” (Penal Law § 450.10 [1].)
As it applies to motor vehicles, section 450.10 requires the property to be held for 48 hours from receipt "by the defendant’s counsel” of the notice that the property will be released (Penal Law § 450.10 [4] [a]) or five days from delivery of the notice to a "defendant” who is unrepresented by counsel (Penal Law § 450.10 [11]).
RELEASE PRIOR TO APPOINTMENT OF COUNSEL
The respondent argues alternatively that the statute contemplates that notices to release property will be given only after a proceeding has begun and a "defendant” has been apprised of the right to counsel or that in the case of a juvenile no action effecting the outcome of the litigation can be taken by the prosecution prior to the appointment of counsel. I agree that the provisions of the statute are not effective until the juvenile either appears by counsel or waives that right under the procedure set forth in Family Court Act § 249-a.
Neither party contests the applicability of section 450.10 to juvenile delinquency proceedings and I agree that the statute is applicable. Accordingly, where the statute reads "defendant” I substitute the word "respondent” and find that such was the Legislature’s intent.
However, the definition of the word "defendant”, itself, is in issue here. The New Little Oxford Dictionary defines "defendant” as "a person accused or sued in court of law.” The Random House Dictionary of the English Language defines "defendant” as "one against whom a claim or charge is brought in a court”. Furthermore, as the Law Guardian points out, the Legislature appears to carefully use the terms "defendant” and "respondent” referring to persons who have been arraigned and "person” and "child” for those persons who have not been arraigned. CPL 150.10 and section 307.1 of the Family Court Act do not refer to persons given a summons or appearance ticket as "defendants” or "respondents.” That is in stark contrast to the bulk of those statutes and section 450.10.
As one analyzes the practical application of the statute to the adult justice system, the distinction between a "person” and a "defendant” is logical. In the adult system a person is brought before a Judge promptly and the counsel issue never *554 arises. In the juvenile system, it is the prosecutor who decides when a child is brought before a Family Court Judge. It makes no sense, and there is no indication of legislative intent, for juveniles to be given fewer protections than adults. The law in this State appears to recognize a juvenile’s special need for protection. (Family Ct Act §§ 249-a, 305.2, 320.2, 320.3.)
The prosecution’s argument that it usually takes considerably longer for a juvenile to see a Judge than an adult is unpersuasive. The time that the juvenile appears in court is entirely at the discretion of the prosecution. The prosecutor can draft a petition promptly and be in court as quickly as in the adult system. Indeed, the prosecutor has two options, the first is to act promptly to draft and file a petition so that a "child” becomes a "respondent” and is apprised of her or his right to counsel or the prosecutor may make a special application to the court for the appointment of a Law Guardian.
The Legislature has expressed its finding that a child is incapable of waiving counsel on his or her own, or even after consulting a parent. Family Court Act § 249-a specifically provides that counsel may only be waived after a Law Guardian has been appointed and it has been established by clear and convincing evidence that the respondent understands her or his rights and wishes to waive counsel. That section further buttresses the respondent’s argument that service upon him and his parent of the notice in this case was insufficient for a waiver of his right to inspect the evidence against him.
It must be noted that waiving the right to preserve evidence differs from waiving the right to remain silent. The latter is relatively easy to understand and the right can be exercised by uttering a simple phrase. The right to preserve evidence is more complicated to understand and requires a knowledge of evidence, organization and financial resources to accomplish.
SECOND ISSUE
Given the release of the Automobile without meeting the requirements of section 450.10, what remedies are appropriate?
REMEDIES
The Law Guardian’s argument that the prosecution’s failure to give an effective notice under the statute should lead to the preclusion of all evidence as to the Automobile is ill-conceived. *555 The Law Guardian confuses this application with the sanctions imposed against law enforcement officials where their conduct was so egregious as to offend the court (People v Davis, 105 Misc 2d 409, affd 109 Misc 2d 230; People v Fleishman, 92 Misc 2d 156), or for violation of the Constitution’s prohibitions against illegal searches and seizures and self-incriminating statements. In the latter instances, the government has been punished for violating fundamental constitutional protections by having otherwise admissible evidence excluded and, ultimately, cases dismissed. The situation here is more closely analogous to an identification issue. The court’s responsibility is not to sanction the government for an unconstitutional procedure, rather the court must insure that an accused receives due process and is accorded fundamental fairness. (See, People v McGrath, 46 NY2d 12; People v Adams, 53 NY2d 241; People v Blackman, 110 AD2d 596.) The statute itself takes that position.
In Lassiter v Department of Social Servs. (452 US 18, 24-25) the United States Supreme Court instructs us on how to decide issues such as this: "For all its consequence, 'due process’ has never been, and perhaps can never be, precisely defined. '[UJnlike some legal rules,’ this Court has said, due process 'is not a technical conception with a fixed content unrelated to time, place and circumstances.’ * * * Rather, the phrase expresses the requirement of 'fundamental fairness,’ a requirement whose meaning can be as opaque as its importance is lofty. Applying the Due Process Clause is therefore an uncertain enterprise which must discover what fundamental fairness’ consists of in a particular situation by first considering any relevant precedents and then by assessing the several interests that are at stake. ” (Emphasis added.)
An automatic preclusion of evidence about the property released would in effect mean an automatic dismissal of the charges in almost every case. That was not the Legislature’s intent. The statute provides: "Failure to comply with any one or more of the provisions of this section shall not for that reason alone be grounds for dismissal of an accusatory instrument.” (Penal Law § 450.10 [10].)
Subdivision (10) provides guidelines for the court in determining how evidence is to be admitted and weighed. Unless the prosecution demonstrates that its failure has not caused prejudice to the defendant, the prosecution’s failure shall be considered in weighing the evidence submitted. There has been no showing by the prosecution that its failure has not *556 caused the respondent prejudice and, accordingly, its failure will be considered by me, as finder of the facts, in weighing the evidence in this case.
Similarly, as required by subdivision (10), the respondent has not convinced the court that he has been caused "undue prejudice” and, accordingly, all evidence related to the Automobile will not be precluded.
What is left is for the court to rule on each item of evidence in reference to the Automobile as it is offered. The standard in ruling on those evidentiary objections is a commonsense application of fundamental fairness.
For example, if the value of the Automobile were at issue, testimony that it was a 1989 Rolls Royce Silver Cloud, recently driven from the showroom, would be admissible to show value in excess of $1,000 in order to sustain a charge of grand larceny in the fourth degree (Penal Law § 155.30). However, an estimate of value in excess of $50,000 in order to prove grand larceny in the second degree (Penal Law § 155.40) might not be admissible because the physical condition of the specific vehicle might substantially affect that question, raising a reasonable doubt.
In determining the admissibility of evidence relating to the Automobile, it must be noted that subdivision (2) of the statute requires the prosecution to "make a diligent effort to examine, test and photograph, photocopy or otherwise reproduce the property.” There is no indication in the record before me that the prosecution made any effort at all to preserve the evidence in question, which is another fact to be considered in weighing the evidence presented. (See, People v Kelly, 62 NY2d 516.)
DECISION
Accordingly, the respondent’s application for a pretrial order precluding the use of any testimony or any evidence regarding the Automobile is denied. The respondent is given leave to object to the admission of particular evidence at trial upon showing that the admission of that particular evidence would be fundamentally unfair as a result of the prosecution’s failure to meet the requirements of the statute.

. There has been no challenge to the form or content of the notice which tracks the language of Penal Law § 450.10 except that it omits the word "photographing” and says "you may arrange for examination, testing, photocopy, or other reproduction of said property prior to its release by calling (718) 939-2300.” While it may be argued that the notice is defective on its face, particularly when given to a juvenile, because of the omission of a reference to "photographing”, the issues raised by the motion before me are more basic than that and this case should not be decided on that narrow ground, particularly when the issue has not been raised by the respondent.

. Although the unexplained five-month delay between the respondent’s arrest and the filing of a petition against him raises other due process issues, those questions are not before me on this motion.

. In this case, neither the prosecution nor the defense addresses the issue of demand. I am assuming, therefore, that prior demand is not an issue.