OPINION OF THE COURT
Elrich A. Eastman, J.
Respondent moves pursuant to Penal Law § 450.10 (10) to *695 preclude property improperly released or alternatively dismissal of the petition or dismissal of count five of the petition, criminal mischief (Penal Law § 145.00 [1]).
Respondent contends that the “notice” of intent to release property prior to the filing of the petition was defective in that respondent had not received counsel prior to the "notice” thereby depriving him of his constitutional right to counsel, his right to confrontation, his right to due process and his right to equal protection; and that said notice failed to specify the name and address of the person to contact to examine the property.
Dismissal under Penal Law § 450.10 (10) is clearly not warranted where other measures would suffice (see, People v Kelly, 62 NY2d 516).
With respect to the imposition of other sanctions, i.e., preclusion, such consequences flow from a prosecutor's failure to preserve the evidence or failure to comply with the statutory notice to the detriment of the respondent.
Penal Law § 450.10 (1) provides that notice of release can be issued to defendants prior to appointment of counsel. It states that if the “defendant is not represented by counsel the notice required * * * shall be personally delivered to the defendant”. (Penal Law § 450.10 [11].)
Here, while service upon respondent and his mother may have been perfunctory, it nevertheless complies with the statute.
This being so, sanctions against the petitioner should not be a consequence of compliance. Under similar circumstances, this court, in Matter of Pedro S. (NYLJ, Mar. 7, 1989, at 24, cols 5-6), opined thusly: “[Sanctions to the petitioner should not be the consequence of compliance. Evident is the need for legislative consideration of an amendatory legislation to rectify the omission and to provide for a more constitutionally equitable method. This is particularly true in the instance of indigent persons whose knowledge and sophistication in the law is minimal. * * * Such change is within the legislative province. The statutory mandate under P.L. §450.10(2) applies equally to the respondent and the petitioner alike and imposes no further duty upon the petitioner with respect to the respondent.”
However, as to the absence of mandated information in the notice to release Penal Law § 450.10 (1) provides: “Such notice shall advise the defendant or his counsel of the date on which *696 the property will be released and the name and address of a person with whom arrangements can be made for the examination”.
Here, the notice stated the following: "You may arrange for examination * * * of said property by contacting the precinct”. The notice indicated the "44th Pet or Whitestone Pound” as the places to contact. The notice failed to include the name of a person to contact or the address of either location, the absence of said information is clearly in derogation of the statutory mandate.
Moreover, the notice was written in English. Respondent’s mother is Spanish-speaking requiring the aid of an interpreter. As the child’s advisor, and in the absence of legal counsel, the mother’s understanding of the notice must be complete before signing the document. It is not clear whether the respondent and his mother had a complete understanding of the document they signed.
The failure to include the name and address of the person to contact to examine the property renders the notice defective, therefore, the presentment agency has failed to comply with the provision of Penal Law § 450.10 (1).
Where there has been a failure to comply with the provisions of Penal Law § 450.10 sanctions may be imposed where the presentment agency fails to demonstrate to the court that said failure has not caused the respondent prejudice. (Penal Law § 450.10 [10].) Here, the presentment agency has failed to make such a showing. Therefore, the motion to preclude or alternatively dismissal of the petition or dismissal of count five is granted to the extent that the presentment agency is precluded from introducing any evidence relative to the value and condition of the vehicle. (Penal Law § 450.10 [10].)
Respondent seeks to suppress physical evidence or alternatively a Dunaway hearing. Respondent is charged with criminal possession of stolen property in the fourth and fifth degrees (Penal Law § 165.45 [5]; § 165.40), to wit, an automobile. Petitioner asserts that no items were recovered from the respondent and that respondent has failed to allege facts to support the motion.
Respondent is entitled to challenge unlawful interference with his person and thus may challenge a search of the car as the fruit of an illegal arrest. (People v Gittens, 110 AD2d 908.) However, the motion is denied as respondent has failed to allege any facts to support the grounds alleged.
*697 Respondent’s motion to suppress statements is denied as the presentment agency states that no statements will be introduced at fact finding.
Respondent’s motion to compel a bill of particulars and discovery is granted. Upon the presentment agency’s failure to provide such items within 10 days, a motion to preclude may be granted.