OPINION OF THE COURT
Paula J. Hepner, J.
The instant proceeding was filed on November 16, 1990. Respondent first appeared on November 20, 1990, at which time he was assigned counsel and entered a general denial. The matter was adjourned for trial to December 17, 1990. The presentment agency requested an adjournment and, because respondent’s counsel was willing to waive the Frank C. * date for six days, the trial was rescheduled for January 22, 1991.
On December 31, 1990, respondent’s counsel served an omnibus motion returnable January 4, 1991. Oral argument was heard on that date and petitioner’s counsel requested additional time (to Jan. 11, 1991) to submit a supplemental memorandum of law addressing the legal arguments raised by respondent’s counsel on January 4,1991.
Respondent moves to dismiss the petition in its entirety or, in the alternative, to preclude petitioner from offering at trial any evidence or testimony concerning the vehicle which was allegedly stolen, possessed and damaged by the respondent on the grounds that the vehicle was released without proper notice pursuant to Penal Law § 450.10.
Counsel for the presentment agency asserts that the respondent and his mother were given notice on October 26, 1990, and counsel attached to his answering papers a photocopy of the notice, "received in hand” and signed by the respondent and his mother. The petitioner contends the notice complied with the requirements of Penal Law § 450.10; therefore, the sanctions sought by the respondent are inappropriate. Moreover, petitioner argues that the respondent’s omnibus motion *920 is not timely and should be denied since the respondent offers no good cause for the delay.
Respondent’s counsel contends that she was not served with a copy of the Penal Law § 450.10 notice until December 17, 1990, when discovery material was provided to her. She further contends that the copy she received was illegible. Respondent’s counsel concedes that petitioner did provide notice to the respondent and his mother on October 26, 1990, but argues that any notice to respondent or his mother, prior to the commencement of any delinquency proceeding or the assignment of counsel, is meaningless notice since indigent juvenile respondents, unable to hire counsel and avail themselves of the opportunity to inspect, are unfamiliar with the purpose of the notice and the actions required to be taken to preserve the evidence prior to the release of the vehicle. (Matter of Maximo D., Fam Ct, NY County 1988 [index No. D-4408/88]; Matter of Marpole, 145 Misc 2d 549 [Fam Ct, NY County 1989].)
With respect to the timeliness issue, respondent’s counsel argues that a motion addressed to sanctions for violations of Penal Law § 450.10 is not a "pretrial motion,” pursuant to Family Court Act § 332.1, and, therefore, need not be submitted within the 30-day time limit for the pretrial omnibus motion.
At oral argument petitioner’s counsel advised the court that no photographs of the vehicle were taken and no effort was made to preserve the value of the car or the damages sustained thereto, either through appraisals, expert opinion, or repair receipts. Petitioner’s counsel argued that the respondent was provided with effective notice, pursuant to the statute, in that the Legislature has not chosen to treat juvenile respondents differently than their adult counterparts. (Matter of Pedro S., NYLJ, Mar. 7, 1989, at 24, col 5 [Fam Ct, Bronx County 1989]; Matter of Edwin P., 146 Misc 2d 694 [Fam Ct, Bronx County 1990].)
FINDINGS OF FACT AND CONCLUSIONS OF LAW

Timeliness of the Motion

"Pretrial motions”, pursuant to Family Court Act § 332.2, must be filed within 30 days after the conclusion of the "initial appearance”, which in this case was November 20, 1990. Respondent’s motion was not served until December 31, 1990. The definition of "pretrial motion” in Family Court Act *921 § 332.1 does not include motions to dismiss a petition pursuant to CPL 240.70 or Family Court Act § 331.6 based on a violation of Penal Law § 450.10, nor does it include such a motion within the definition of a motion to suppress evidence. Consequently, this court would agree with the respondent that this particular motion is not considered a pretrial motion and, therefore, is not bound by any time limit save the date of trial. (Matter of Dennis C., Fam Ct, Kings County 1985 [index No. D-1380/85].)
Even if the motion, in the interests of judicial economy, were to be considered "pretrial”, although not specifically identified in Family Court Act § 332.1, the provisions of Family Court Act § 332.2 (3) require this court to decide any appropriate motion prior to the fact finding, if the respondent shows that he could not, without due diligence, have previously been aware of the grounds for the motion. Clearly this motion does not fall within this language of the statute. However, with respect to any other pretrial motion made after the 30-day time limit, Family Court Act § 332.2 (3) grants this court discretion "in the interest of justice” to "entertain and dispose of the motion on the merits”, if the respondent has demonstrated good cause for the late filing. Even though the respondent has offered no explanation for the lateness of this motion, this court will entertain it and decide it on. the merits since it is a question of due process and of constitutional dimension.

Compliance with Penal Law § 450.10

Penal Law § 450.10 (1) requires the police or District Attorney, when a request is made for the return of stolen property in their possession, to give "written notice to the defendant or his counsel * * * as soon as practicable.” The statute provides that the notice must advise "the defendant or his counsel of the date on which the property will be released and the name and address of the person with whom arrangements can be made for the examination, testing, photographing, photocopying or other reproduction of said property.” Subdivision (11) of Penal Law § 450.10 provides that "[w]hen a request for the release of stolen property is made * * * and the defendant is not represented by counsel the notice * * * shall be personally delivered to the defendant and the release of the property shall not occur for a period of less than five days: from * * * the delivery of such notice”. Subdivision (2) of Penal Law § 450.10 provides that "[b]oth the defendant’s counsel and the *922 prosecutor thereafter shall make a diligent effort to examine, test and photograph, photocopy or otherwise reproduce the property.” (Emphasis added.) Subdivision (10) of Penal Law § 450.10 creates a presumption of prejudice to the defendant when the requirements of Penal Law § 450.10 are not followed, and the burden is on the prosecutor to demonstrate that such failure has not caused the defendant prejudice.
The law of this State holds that the notice requirements of the CPL are applicable to juvenile delinquency proceedings. (Matter of Edward S., 80 AD2d 585 [2d Dept 1981] [lesser included offenses]; Matter of Albert B., 79 AD2d 251 [2d Dept 1981] [CPL 710.30 notices]; Matter of James H., 34 NY2d 814 [1974] [prehearing photographic identification].)
In this case, the notice was given by the presentment agency to the respondent and his mother, both of whom acknowledged receipt of the notice on October 26, 1990. The notice appears to this court to contain all of the elements set forth in Penal Law § 450.10 (1). The presentment agency did not use diligent efforts to preserve the evidence by arranging to have photographs made of the vehicle or the damage alleged, or by obtaining an appraisal or an expert opinion of the value of the property at the time it was stolen and the extent of the alleged damage. The presentment agency also did not argue to this court that the respondent has not been prejudiced by these omissions.
This court has examined the notice provided to the respondent and finds its content complies with the requirements of Penal Law § 450.10 (1). This court further finds that the timing of the release of the vehicle was done in accordance with the requirements of Penal Law § 450.10 (11). However, this court finds that the presentment agency has failed to comply with its obligations under subdivisions (2) and (10) of the statute.
Because this court finds that the presentment agency has failed to comply with the requirements of Penal Law § 450.10 (2) and (10), it is not necessary to reach the constitutional question of whether the notice to the respondent and his mother, under these circumstances, is fundamentally fair and consistent with the tenets of due process.
Respondent asks this court to dismiss the petition in its entirety as a sanction for the petitioner’s conduct. It is well established that the drastic remedy of dismissal should not be invoked where less severe measures can rectify the harm *923 done. (People v Kelly, 62 NY2d 516, 520 [1984]; People v Johnson, 114 AD2d 515 [2d Dept 1985].) Furthermore, Penal Law § 450.10 (10) provides that "[f]allure to comply with any one or more of the provisions of this section shall not for that reason alone be grounds for dismissal of the accusatory instrument.” The Court of Appeals held in Kelly (supra, at 520), that in fashioning a remedy, "the overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society.” (People v Grieco, 125 AD2d 490, 491 [2d Dept 1986].)
The factors to be considered in fashioning a remedy for these violations are: Whether the People acted in good faith; whether the failure to notify the defendant was intentional, deliberate or in bad faith; whether the defendant unreasonably delayed inspection of the property; and whether the defendant was prejudiced by the manner of release. (People v Lopez, 123 Misc 2d 134 [Sup Ct, Kings County 1984].)
In analyzing the above criteria within the context of the facts of this case, this court believes the presentment agency’s failure to preserve the evidence was not deliberate, intentional or motivated by bad faith. The failure to discharge its statutory duty appears to have been one of sheer negligence. The respondent has clearly shown that the failure to preserve the evidence has compromised his ability to defend himself against these charges.
Respondent is charged, in this case, with several larceny counts for stealing a 1984 Toyota; several counts of criminal possession of stolen property, e.g., the 1984 Toyota; criminal mischief involving intentional damaging of the 1984 Toyota; unauthorized use of a vehicle; and auto stripping for destroying or defacing the 1984 Toyota. The sanction which should adequately protect the due process rights of the respondent, as well as the interests of the community in prosecuting criminals, is to preclude the petitioner from offering any evidence of the Toyota’s value, condition, or damage. These are elements in 7 of the 10 charges against the respondent, and preclusion of this evidence is necessary because the respondent would be unable to adequately challenge it, if introduced, owing to the presentment agency’s failure to use diligent efforts to preserve the evidence.
The matter is adjourned for trial to January 22, 1991.

 Matter of Frank C., 70 NY2d 408 (1987).