■ In the Matter of NICOMEDES F., a Person Alleged to be a Juvenile Delinquent, Respondent.—Order of the Family Court, New York County (Michael Gage, J.), entered May 11, 1990, which upon the grant of a motion by respondent, Nicomedes F., to preclude all evidence concerning the allegedly stolen vehicle, including value and condition and property found within the vehicle as well as evidence relating to the investigatory stop and arrest, for failure to observe Penal Law § 450.10, dismissed the petition, is unanimously reversed, on the law, the motion by respondent to preclude is denied and the petition reinstated without costs or disbursements.

A petition was filed against respondent, Nicomedes F., in Family Court, alleging that he committed acts, which if com-

mitted by an adult, would constitute, *inter alia,* grand larceny in the third and fourth degrees, in that defendant stole, knowingly possessed and intentionally did more than $250 worth of damages to a 1987 Pontiac valued at more than $3,000 belonging to a third party. Attached to the petition was a police officer's deposition asserting that he observed respondent driving the stolen automobile. The rear vent window was broken, the steering column was broken, and a screwdriver was found on the floor by the front seat. The second deposition was signed by the owner of the vehicle, asserting that it was worth $15,000, that he had not given anyone permission to take the automobile, and that it sustained about $500 worth of damage. Neither deposition specifically stated that respondent stole the car or caused the damage.

When respondent and his mother appeared without counsel at the Probation Service on February 23, 1990, four days after the arrest, they were given a written notice of release of stolen property which informed them that the automobile was being held as evidence against respondent and would be released on March 1, 1990 but "you have the right to examine, test and photograph * * * the property" before the release. The notice also contained an address and telephone number of the Assistant Corporation Counsel through whom arrangements for said inspection could be made. Respondent did not avail himself of the right to photograph the automobile and no photographs were taken by the presentment agency.

The order of the Family Court precluded the presentment agency from offering evidence relating to the stolen automobile, including the value and condition, any property found inside and any evidence as to the stop and the arrest of respondent.

We find that service of a written notice of release of stolen property to the owner upon both respondent and his mother prior to the filing of the juvenile delinquency petition was in accordance with Penal Law § 450.10. Therefore, under the express language of Penal Law § 450.10 (10), the Family Court committed reversible error by granting respondent's motion to preclude all evidence and dismissing the petition.

Penal Law § 450.10, which governs disposal of stolen property, provides for the crime victim to recover the property quickly and at the same time protect future evidence. *(See,* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 450.10, at 544 *et seq.).* Penal Law § 450.10 (1) provides that "[w]hen a request is made for the

return of stolen property", a police officer or District Attorney in possession thereof must "provide written notice to the defendant or his counsel of such request as soon as practicable" and "advise the defendant or his counsel" of the date when the property will be released and the name and address of the person with whom arrangements can be made for photographing and examining the property. Penal Law § 450.10 (2) provides that both defense counsel and the prosecutor "make a diligent effort to examine, test and photograph * * * the property". Penal Law § 450.10 (11) provides that notice be personally delivered to a defendant not represented by counsel. The notice herein was personally delivered to respondent and his mother at a time when he was not yet represented by counsel.

We note that there is no statutory or constitutional right to counsel at the preliminary stage of juvenile proceedings when respondent and his mother were served. (See, Matter of Jamal C., 75 NY2d 893; Kirby v Illinois, 406 US 682, 688-689.) Because counsel was not mandated at the initial stages of the proceedings, the personal service of the notice on respondent and his mother complied with the statute. (Matter of Edwin P., 146 Misc 2d 694.) Nor is there any showing that the notice was inadequate as it gave the information required to permit respondent to make an appointment to photograph and examine the automobile and respondent does not contend that it was written in a language he could not understand. (Cf., Matter of Edwin P., supra, at 696.)

Penal Law § 450.10 (10) states that if there is a failure to comply with other provisions of the statute, and the District Attorney (here presentment agency) "does not demonstrate to the satisfaction of the court that such failure has not caused the defendant prejudice," the court shall instruct the jury that it "may" consider such failure in determining the weight to be given such evidence and "may" also impose any sanction set forth in CPL 240.70. Subdivision (10) continues that "unless the defendant has convinced the court that such failure has caused him undue prejudice, the court shall not preclude the district attorney from introducing into evidence the property, photographs, photocopies, or other reproductions of the property or, where appropriate, testimony concerning its value and condition, where such evidence is otherwise properly authenticated and admissible under the rules of evidence."

The respondent contends that the court properly precluded evidence of the value or condition of the car or the grounds for stopping the car, that without such evidence no case

existed, and that the court was thus correct in dismissing the petition. However, the mandate of Penal Law § 450.10 (2) applied equally to both respondent and petitioner to examine and test the property in a "diligent" manner, and imposed no special additional duty upon the presentment agency. Moreover, it was first necessary for respondent to demonstrate "undue" prejudice before the court could preclude evidence of the value or condition of the vehicle. (Penal Law § 450.10 [10].) This respondent failed to do. Even without the photographs, there was non-hearsay evidence from the police officer with respect to the condition of the vehicle and the circumstances of the investigatory stop, as well as testimony from the owner with respect to the year, use and condition of the vehicle. Penal Law § 155.20 (1) provides that property value shall be ascertained by market value at the time of the crime. Such value can be determined by expert testimony, subject to cross-examination. *(See, People v Washington,* 167 AD2d 247, 248, *lv denied* 77 NY2d 845.) As the presentment agency could have attempted to establish the value of the automobile subject to cross-examination of both the police officer and the owner and respondent did not show how he would have suffered "undue" prejudice, the court erred in precluding all testimony and dismissing the petition. Concur—Milonas, J. P., Ellerin, Asch and Rubin, JJ.