■ In the Matter of Jose M., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order, Family Court, Bronx County (Harvey Sklaver, F.C.J., at fact finding and disposition), entered February 25, 1991, which adjudicated appellant a juvenile delinquent and placed him with the Division for Youth, Title III, for a period of twelve months, which order of disposition was entered pursuant to a fact finding order entered December 31, 1990, finding that appellant had committed acts which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree, unanimously affirmed, without costs.

Evidence adduced at the fact finding hearing was that on October 24, 1990, at approximately 5:20 P.M., a uniformed police officer, on motor patrol duty in the area of Claremont Parkway and Park Avenue, Bronx, observed a blue Dodge automobile being driven in an erratic manner, crossing over traffic lanes. When the officer drove the police car alongside the Dodge, the youthful-looking driver of the Dodge (later identified as appellant) glanced at the police car and slumped down in the driver's seat. The officer signaled appellant to pull over, and asked if he had a driver's license. Appellant replied that he did not have a license and that he was 15 years old. In response to the officer's questions, appellant said it was not his car, and that there were no registration or insurance papers in the car. The officer also observed that the Dodge had damage along the right side, the radio was missing, and the

windshield VIN plate was bent over so that the number could not be read. Further inspection of the vehicle revealed that the VIN on the driver's door had been scraped off, and there were Canadian license plates on the car. Following contact with the Canadian police authorities, the officer arrested appellant and two passengers, and vouchered the Dodge automobile as stolen property.

Evidence of the arresting officer's direct observations and investigation herein, combined with reasonable inferences to be drawn therefrom, sufficed to prove appellant's guilt of unauthorized use of a vehicle in the third degree beyond a reasonable doubt (see, e.g., Matter of Kevin B., 128 AD2d 63, affd sub nom. Matter of Timothy L., 71 NY2d 835). Concur—Ellerin, J. P., Wallach, Ross, Asch and Smith, JJ.