■ In the Matter of JAMES C., Respondent. CORPORATION COUNSEL OF THE CITY OF NEW YORK, Appellant.

On October 24, 1989, the respondent was arrested in possession of a stolen and damaged vehicle. On October 31, 1989, after the owner of the automobile requested its return, both the respondent and his mother were served with a facially valid notice pursuant to Penal Law § 450.10, informing them that the automobile would be available for a specified period for inspection and photographing. Thereafter, on November 30, 1989, the vehicle was returned to the owner, and on December 5, 1989, the appellant commenced this proceeding to have the respondent adjudicated a juvenile delinquent. The petition alleged acts which, if committed by an adult, would have constituted, *inter alia*, unauthorized use of a vehicle, criminal possession of stolen property, criminal mischief, grand larceny, and auto stripping.

The respondent, now represented by counsel, moved to preclude the introduction of evidence of the vehicle's condition and value, on the ground that notice pursuant to Penal Law § 450.10 had been served on an uncounselled juvenile before the commencement of the Family Court proceeding. At the hearing on the petition, the Family Court granted the preclusion motion and thereupon dismissed the petition, concluding that the charges could not be sustained without evidence of the vehicle's condition and value.

While we agree that Penal Law § 450.10 applies to juvenile delinquency adjudications, we reject the respondent's contention that the statute does not authorize the service of notice upon an unrepresented juvenile prior to the commencement of a juvenile delinquency proceeding. Rather, we conclude that the notice was sufficient to enable the respondent to inspect and examine the automobile without unnecessarily delaying its return to its rightful owner (*see, Matter of Nicomedes F.,* 177 AD2d 316). The respondent's interpretation of the statute

that such notice was inadequate is at odds with the specific language of Penal Law § 450.10 (1), which expressly provides for requests for the return of property "made prior to or during" the proceeding. Moreover, Penal Law § 450.10 (11) expressly provides for the service of notice upon unrepresented defendants. The respondent presents no cogent reasons supporting a different conclusion that the statutory requirements should be construed more strictly when applied to juveniles. Thus, the valid notice timely served upon the respondent and his parent was adequate to apprise the respondent of his rights and the imposition of "[s]anctions * * * should not be the consequence of compliance" with the clear terms of the statute (*Matter of Edwin P.,* 146 Misc 2d 694, 695).

We also reject the contention that Penal Law § 450.10 (2) imposes an affirmative duty upon the presentment agency to photograph or test the property prior to its return. The respondent's right to inspect the property (*see, People v Kelly,* 62 NY2d 516, 520), is fully protected by providing the statutory notice and making the property available prior to its return on notice. If the presentment agency discerns no compelling need to photograph or examine the property, it may elect not to do so, relying, as in this case, upon the testimony of the arresting officer who observed the condition of the car at the time of its recovery (*see, Matter of Nicomedes F., supra*). The respondent's ability to examine the evidence is not dependent upon the presentment agency's prior exercise of that option. Moreover, the respondent has failed to establish that he will be unduly prejudiced by the presentment agency's failure to preserve the automobile. Accordingly, we find that the Family Court's ruling granting preclusion was an improvident exercise of the court's discretion.

However, we agree with the respondent's alternative argument that counts five, nine and ten of the petition were not supported by sufficient factual allegations. The respondent was arrested in the car 10 days after it was stolen, and no allegations in the supporting depositions supported the conclusion that he was responsible for the damage to the car. This failure rendered the petition jurisdictionally defective with respect to those counts (*see, Matter of David T.,* 75 NY2d 927).

We have considered the respondent's remaining arguments in support of affirmance and find them to be without merit. Kunzeman, J. P., Balletta, Miller and Ritter, JJ., concur.