■ In the Matter of BRENDA D., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order, Family Court, New York County (Michael Gage, J.), entered April 2, 1992, which adjudicated appellant a juvenile delinquent upon a finding that she committed acts which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree and placed her with the Division for Youth, Title II, for a period of up to 12 months, unanimously affirmed, without costs.

The charges against the appellant were proven beyond a reasonable doubt. The arresting officer testified at the hearing that he observed the vehicle in which appellant was a passenger cross a double yellow line and then veer back into its own lane. After confirming that the vehicle was stolen, he and other officers surrounded the car, ordered the four occupants out, and placed them under arrest. The steering column was ripped apart in an effort to gain access to the wire that started the car, and there was a hole where the right passenger-door lock should have been. The lock was found on the floor near the front passenger seat, and a screwdriver was recovered from the driver's pocket.

This direct evidence was sufficient to give rise to a presumption that appellant did not have the owner's consent to use the vehicle (Penal Law § 165.05 [1]). Evidence of an arresting officer's direct observations and investigation, combined with reasonable inferences to be drawn therefrom, suffice to prove guilt of unauthorized use of a vehicle in the third degree beyond a reasonable doubt *(Matter of Jose M.,* 177 AD2d 399, *lv denied* 79 NY2d 756). Concur—Sullivan, J. P., Carro, Milonas, Wallach and Kupferman, JJ.