■ In the Matter of MITCHELL G., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Cozier, J.), dated April 30, 1991, which, upon a fact-finding order of the same court, dated February 14, 1991, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division of Youth for a period of 12 months. The appeal brings up for review the fact-finding order dated February 14, 1991.

Ordered that the order is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency *(see, Matter of David H.,* 69 NY2d 792; *People v Bracey,* 41 NY2d 296, 302), we are satisfied that it was legally sufficient to establish that the appellant committed an act which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree *(see, Matter of Brenda D.,* 186 AD2d 65; *Matter of Stephen R.,* 182 AD2d 92; *Matter of Jose M.,* 177 AD2d 399). The evidence adduced at the fact-finding hearing reveals that the arresting officer observed the vehicle in which the appellant was the driver being driven back and forth over a double yellow line. Its trunk lock appeared to be broken, and its trunk lid was flapping. After confirming that the vehicle was stolen, the arresting officer and his partner stopped the car and apprehended the appellant as he tried to flee. The dashboard was destroyed, the radio was missing, and the steering column was cracked and scraped. This direct evidence was sufficient to give rise to a presumption that the appellant did not have the owner's consent to use the vehicle and knew he did not have such consent *(see,* Penal Law § 165.05 [1]; *Matter of Brenda D., supra; People v Yazum,* 13 NY2d 302). The evidence of the arresting officer's direct observations and investigation, combined with the reasonable inferences to be

drawn therefrom, sufficed to prove beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted unauthorized use of a vehicle in the third degree *(see, Matter of Brenda D., supra; Matter of Jose M., supra)*.

We reject the appellant's contention that Penal Law § 450.10 (11) does not authorize the service of notice of the release of stolen property upon an unrepresented juvenile prior to the commencement of a juvenile delinquency proceeding *(see, Matter of James C., 179 AD2d 639; Matter of Nicomedes F., 177 AD2d 316)*. Further, while we agree with the Family Court that the release of the stolen vehicle within two days from delivery of such notice to the appellant in court did not meet the specific time limits of Penal Law § 450.10 (11), we reject the appellant's contention that the sanction imposed did not eliminate the prejudice to the appellant *(see, People v Kelly, 62 NY2d 516, 520-521; People v Cruz, 99 AD2d 406; People v Angelo, 93 AD2d 264)*.

The appellant's remaining contention is unpreserved for appellate review *(see, People v Micheline, 154 AD2d 624; People v Smith, 144 AD2d 505)*. Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.