■ In the Matter of AARON H., a Person Alleged to be a Juvenile Delinquent, Appellant. [614 NYS2d 440] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Greenbaum, J.) dated February 18, 1992, which upon a fact-finding order of the same court, dated September 30, 1991, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of unauthorized use of a motor vehicle in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth Title III, for a period of one year. The appeal brings up for review the fact-finding order dated September 30, 1991.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that because neither the car owner nor the police dispatcher testified at the fact-finding hearing,

the court improperly relied on circumstantial and hearsay evidence in making its finding. We disagree.

At the fact-finding hearing, an arresting officer testified, *inter alia,* that after the car in which the defendant was riding crashed after a police chase, he observed that the ignition of the car was broken, no keys were visible, and tools commonly used to pull out an ignition and start a car without an ignition were present in the car. Penal Law § 165.05 allows the fact-finder to presume that a person who drives or rides a vehicle without the owner's consent knows that he or she is driving or riding in the car without the owner's consent *(see, People v McCaleb,* 25 NY2d 394, 401). The circumstantial evidence regarding the interior of the car, coupled with the direct evidence of the arresting officer's first-hand observation of the appellant exiting and fleeing from the car, could lead a reasonable person to conclude that the car was used without the consent of the owner *(see, Matter of Mitchell G.,* 187 AD2d 717). Thus, even without the owner's and the dispatcher's in-court testimony, the court's finding was proper.

We also find that the minor inconsistencies in the arresting officer's testimony did not render his testimony incredible as a matter of law *(see, People v Grajales,* 187 AD2d 631). The resolution of issues of credibility and the weight to be accorded the evidence presented are primarily to be determined by the trier of fact, which saw and heard the witness *(see, People v Gaimari,* 176 NY 84, 94). Its determination should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Sullivan, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.