■ In the Matter of ERIC K., a Person Alleged to be a Juvenile Delinquent, Appellant. [785 NYS2d 119]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Grosvenor, J.), dated November 5, 2003, which, upon a fact-finding order of the same court dated July 14, 2003, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months. The appeal brings up for review the fact-finding order dated July 14, 2003.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months has been rendered academic, as the period of placement has expired

(see *Matter of Paul C.,* 5 AD3d 592 [2004]). However, because there may be collateral consequences resulting from the adjudication of delinquency, that portion of the appeal which brings up for review the fact-finding order is not academic (see Family Ct Act § 783; *Matter of Dorothy D.,* 49 NY2d 212 [1980]; *Matter of Ricky A.,* 11 AD3d 532 [2004]).

Viewing the evidence in the light most favorable to the presentment agency (see *Matter of Shaquana S.,* 9 AD3d 466, 467 [2004]; *Matter of James B.,* 262 AD2d 480, 481 [1999]; *cf. People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree. The appellant's unauthorized use of the stolen vehicle in question can be inferred from the circumstances surrounding the incident (see *Matter of Raquel M.,* 99 NY2d 92, 96 [2002]; *Matter of Jamal C.,* 186 AD2d 562, 563 [1992]; *cf. People v Jackson,* 282 AD2d 830, 832 [2001]). The appellant failed to rebut the presumption of unauthorized use (*cf.* Penal Law § 165.05 [1]; *People v Simmons,* 32 NY2d 250, 252 [1973]). Smith, J.P., H. Miller, Crane and Spolzino, JJ., concur.