Matter of K (2005 NY Slip Op 25280)

Matter of K

2005 NY Slip Op 25280 [8 Misc 3d 983]

June 15, 2005

Duffy, J.

Family Court, Westchester County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 14, 2005

[*1]
In the Matter of K, a Person Alleged to be a Juvenile Delinquent, Respondent.
Family Court, Westchester County, June 15, 2005

APPEARANCES OF COUNSEL

Ian P. Spier, Law Guardian. Charlene M. Indelicato, County Attorney, for presentment agency.

OPINION OF THE COURT

Colleen D. Duffy, J.
The respondent, K, on March 11, 2005, admitted to committing an act that if committed by an adult would constitute the crime of attempted petit larceny (Penal Law §§ 110.00, 155.25) in full satisfaction of the juvenile delinquency petition filed against her. The matter was adjourned and referred to the Department of Probation to conduct an investigation and to provide a report to the court with a recommendation as to a possible disposition.
On April 25, 2005, the Probation Department submitted its report to the court in which it recommended that the respondent be placed on probation for a period of one year.[FN1]

The presentment agency made a motion to include as part of the disposition a requirement that the respondent pay restitution for the alleged damage that occurred to the complainant's property. The respondent informed the court that she would consent to a disposition of probation; however, she opposes the recommendation of having to pay restitution and has filed the instant motion.
In her motion, the respondent argues that any evidence regarding the cell phone, or, in the alternative, any reference to its condition, be precluded at the dispositional/restitution hearing because the police failed to give her notice, pursuant to Penal Law § 450.10. She argues that she was prejudiced by the lack of notice in that the police returned the cell phone to the complainant prior to allowing the respondent an opportunity to examine its condition. The presentment agency filed an opposition to respondent's motion. The respondent replied to the presentment agency's opposition.
[*2]
Upon consideration of the motions submitted, the probation report, the court file and the relevant case law, and for the reasons set forth below, the court will conduct a dispositional/restitution hearing on Thursday, June 15, 2005, at 4:00 p.m.
Family Court Act § 350.3 (1) states that "[o]nly evidence that is material and relevant may be admitted during a dispositional hearing." Evidence need not be competent and, thus, hearsay is admissible. (Matter of George A., 257 AD2d 620 [1999].) Family Court Act § 353.6 allows for the court to impose restitution as part of a disposition in a juvenile delinquency case. This section states that the court may order "restitution in an amount representing a fair and reasonable cost to replace the property [or] repair the damage caused by the respondent." (Family Ct Act § 353.6 [1].)
Penal Law § 450.10 (1) provides, in relevant part, that:
"When a request is made for the return of stolen property . . . the police officer, peace officer or district attorney in possession of such property must provide written notice to the defendant or his counsel . . . of the date on which the property will be released and the name and address of a person with whom arrangements can be made for the examination . . . of said property."
The respondent argues that since she was not given notice to inspect the cell phone while it was in police custody and subsequently was returned to the complainant, any evidence regarding the cell phone's condition should be precluded. She claims that during a restitution hearing the only issue is that of the condition of the property and its value and, thus, without having the opportunity to inspect the item, any evidence regarding the condition of the property may not be introduced at the dispositional hearing. The presentment agency argues that the notice statute is inapplicable to juvenile delinquency proceedings and that, even if applicable, it is inapplicable during the dispositional hearing.
In Matter of Marpole (145 Misc 2d 549 [1989]), Penal Law § 450.10 was held to be applicable to juvenile delinquency proceedings. Subsequent case law also has followed in finding that Penal Law § 450.10 is applicable to juvenile delinquency proceedings. (See, Matter of Ali D., 149 Misc 2d 918 [1991]; see also, Matter of Edwin P., 146 Misc 2d 694 [1990].)
The court in Marpole also addressed remedies where the "prosecution," or, in this case, the presentment agency, failed to give the respondent notice pursuant to the statute. However, the remedies discussed in Marpole are in the context of issues raised at the fact-finding stage of the juvenile delinquency proceedings. This court concurs with the presentment agency and believes that Penal Law § 450.10 is not applicable at the dispositional hearing. Furthermore, Penal Law § 450.10 (10) states in relevant part that:
"Where there has been a failure to comply with the provisions of this section, and where the district attorney does not demonstrate to the satisfaction of the court that such failure has not caused the defendant prejudice, the court shall instruct the jury that it may consider such failure in determining the weight to be given such evidence . . . provided, however, that unless the [*3]defendant has convinced the court that such failure has caused him undue prejudice, the court shall not preclude the district attorney from introducing into evidence the property, . . . or, where appropriate, testimony concerning its value and condition . . . Failure to comply with any one or more of the provisions of this section shall not for that reason alone be grounds for dismissal of the accusatory instrument."
A plain reading of this language illustrates that the statute was intended only to apply to the trial/fact-finding stage since it specifically addresses the remedy and instruction to be given to the jury.[FN2]

Further, the parties have cited no case law whereby Penal Law § 450.10 has been applied at the sentencing or dispositional phase of a proceeding.
Moreover, applying Penal Law § 450.10 to the dispositional phase of the proceedings would undermine the broad discretion and power provided to the Family Court with respect to the type of evidence to be introduced at dispositional hearings. (Family Ct Act § 350.3.) 
"With such a wide range of evidence available for consideration in the sentencing of an adult criminal, it is inconceivable that a Family Court judge, acting as parens patriae, shouldering a greater responsibility to the child before the court, than a judge to an adult criminal, cannot consider 'material' and 'relevant' evidence necessary for determining the best disposition in terms of the child's best interest and the need for protection of the community." (Matter of Kevin J., 108 Misc 2d 1033, 1038 [1981].)
For example, hearsay evidence is admissible at dispositional hearings (Matter of George A., supra); confessions to other crimes not charged in the petition are admissible (Matter of Kevin J., supra); and a coerced confession suppressed at a pretrial hearing also has been deemed admissible at a dispositional hearing (Matter of Kevin M., 113 Misc 2d 896 [1982]). Applying Penal Law § 450.10 to preclude evidence is contrary to Family Court Act § 350.3.
In the instant case, there was no fact-finding; the respondent made an admission to attempted petit larceny and the matter has been adjourned for a dispositional hearing and for the Department of Probation to conduct its investigation pursuant to Family Court Act § 351.1.
Accordingly, this court finds that all material and relevant evidence is appropriate to consider with respect to a proper disposition.
Accordingly, respondent's motion is denied in its entirety.

Footnotes

Footnote 1: While the probation report does not specifically state that it is recommending restitution in the "Recommendation" section in the report, the report does include a victim impact statement, which states that the victim is seeking restitution, and a receipt for "equipment charges."

Footnote 2: In New York State, the only stage in which the jury is involved in criminal proceedings is at the trial stage.