■ In the Matter of JAMEL M., a Person Alleged to be a Juvenile Delinquent, Appellant. [836 NYS2d 290]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated June 7, 2006, which, upon a fact-finding order of the same court dated April 11, 2006, made after a hearing, finding, inter alia, that the appellant had committed an act which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 18 months upon certain conditions. The appeal brings up for review the fact-finding order dated April 11, 2006.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed an act which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree (*see* Penal Law § 165.05 [1]). At the fact-finding hearing, an arresting officer testified, inter alia, that approximately five minutes after she received a radio report of two individuals attempting to break into a white Nissan Maxima within a certain vicinity, she observed the appellant and another individual moving around inside a white Nissan Maxima parked two blocks from that vicinity. The engine of the vehicle was running. The arresting officer testified that when she and her partner approached the vehicle, the two individuals exited from the vehicle and fled on foot. The arresting officer further testified that the vehicle's front passenger window was broken, there was a brick lying on the floorboard in front of the front passenger seat, and though the engine was running, there was no key in the ignition. "The circumstantial evidence regarding the interior of the car, coupled with the direct evidence of the arresting officer's first-hand observation of the appellant exiting and fleeing from the car, could lead a reasonable person to conclude that the car was used without the consent of the owner" (*Matter of Aaron H.*, 206 AD2d 426, 427 [1994]; *see* Penal Law § 165.05 [1]; *Matter of Eric K.*, 12 AD3d 603 [2004]).

Moreover, upon the exercise of our factual review power, the Family Court's fact-finding determination was not against the weight of the evidence (*cf.* CPL 470.15 [5]). Miller, J.P., Ritter, Covello and Balkin, JJ., concur.