Murphy v. Morlitz, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> GUIDO CALABRESI,
> *Circuit Judges.*

_____

Timothy D. Murphy,

> *Plaintiff-Appellant*,

> v.                                                                    17-3236

Gerald Morlitz, CNF II, LLC, RAI Premium Finance, LLC, and RAI Insurance Group,

> *Defendants-Appellees*,

The Robert & Shirley Murphy Survivorship Trust, dtd 11/1/05,

> *Defendant.*

_____

**FOR PLAINTIFF-APPELLANT:**                                       Timothy D. Murphy, pro se, Riverside, CA.

**FOR DEFENDANTS-APPELLEES:**                                   Rachel Aghassi (Andrew R. Jones, Jason Kayne, *on the brief*), Furman Kornfeld & Brennan LLP, New York, NY, *for Defendant-Appellee Gerald Morlitz.*

James R. Anderson, Harrison, NY, *for Defendants-Appellees RAI Premium Finance, LLC, and RAI Insurance Group.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Timothy Murphy, a lawyer appearing pro se, appeals from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*) granting the defendants' motions to dismiss under Rule 12(b)(6) and (b)(7).  Murphy, a beneficiary of a trust established by his parents, alleges that in 2008 the trustee secretly sold the trust's property (his parents' life insurance policy) and distributed the proceeds to the other trust beneficiaries, but not him.  Murphy filed this September 9, 2015 action against the trust, the trustee, and various other defendants associated with the trust for (1) breach of fiduciary duty, (2) conversion, (3) constructive trust, (4) constructive fraud, (5) interference with economic advantage, and (6) an accounting.  The district court held that Murphy's claims were time-barred and that he was not entitled to equitable estoppel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of a defendant's motion to dismiss, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."  *City of Pontiac Gen. Emps. Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011) (internal quotation marks omitted).  Although pro se litigants

2

are generally entitled to special solicitude, Murphy is not because he is a lawyer. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010). The parties referred exclusively to New York law in the district court and in this appeal, "and such implied consent is sufficient to establish choice of law." *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000) (internal quotation marks and alteration omitted). Accordingly, we rely on New York's statutes of limitations and tolling provisions.

**1.** The elements of a breach of fiduciary duty claim under New York law are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) "damages directly caused by [the defendant's] misconduct." *Pokoik v. Pokoik*, 982 N.Y.S.2d 67, 70 (1st Dep't 2014). Breach of fiduciary duty claims that seek money damages only are subject to a three-year statute of limitations; those seeking equitable remedies are subject to a six-year statute of limitations. *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 139 (2009). A claim for breach of fiduciary duty accrues "as soon as the claim becomes enforceable, *i.e.*, when all elements of the tort can be truthfully alleged in a complaint. As with other torts in which damage is an essential element, the claim . . . is not enforceable until damages are sustained." *Id.* at 140 (internal quotation marks omitted).

The complaint clearly alleges that Murphy suffered damages at the time of the alleged wrongdoing (the sale of the insurance policy): "[I]n or about August 2008 defendants . . . commenced to complete and did complete sale of the . . . insurance policy to defendant CNF II and to pay, disburse and conceal the proceeds of sale and the beneficiary entitlements therein so as to deprive plaintiff of his share." App'x 43 (Compl. ¶ 21). Accordingly, the breach of fiduciary duty claim accrued no later than August 2008 and is therefore untimely regardless of which statute of limitations applies.

Murphy argues that no accrual date can be determined from the complaint because the sale of the policy does not constitute the sale of his interest in the policy, and that the unknown date of the sale of his interest constituted the actual accrual date. Murphy further contends that he sought equitable remedies for his breach of fiduciary duty claim, so the six-year statute of limitations should apply. We need not consider these arguments because Murphy raises them for the first time on appeal, *In re Nortel Networks Corp. Secs. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008), and they contradict the relevant allegations in the complaint.

3

Murphy also argues that the accrual of his breach of fiduciary duty claim is subject to a delayed-discovery rule because the claim is based on fraud, pursuant to CPLR § 213(8).   A fraud-based breach of fiduciary duty claim "must be commenced within 6 years from the date of the fraudulent act or 2 years from the date the party discovered the fraud or could, with due diligence, have discovered it."   *Kaufman v. Cohen*, 307 A.D.2d 113, 122 (1st Dep't 2003) (internal quotation marks omitted).   However, CPLR § 213(8) does not apply if the fraud is only incidental to the breach of fiduciary duty claim. *Id.* at 119.   "A fraud action is not incidental only when: (1) the fraud occurred separately from and subsequent to the injury forming the basis of the alternate claim; and (2) the injuries caused by the fraud are distinct from the injuries caused by the alternate claim." *Corcoran v. N.Y. Power Auth.*, 202 F.3d 530, 545 (2d Cir. 1999).   Here, Murphy alleges no fraud damages distinct from the damages allegedly attributable to the breach of fiduciary duty.   Murphy's fraud allegations are therefore incidental to his breach of fiduciary duty claim, so he may not benefit from the delayed discovery rule.

**2.** Conversion, constructive trust, interference with economic advantage, and constructive fraud[1] accrue when the alleged wrongdoing takes place, and are subject to a statute of limitations of six years or less.   *See Vigilant Ins. Co. of Am. v. Housing Auth. of City of El Paso, Tex.*, 87 N.Y.2d 36, 44 (1995) (conversion); *Tornheim v. Tornheim*, 67 A.D.3d 775, 776 (2d Dep't 2009) (constructive trust); *Thome v. Alexander & Louisa Calder Found.*, 70 A.D.3d 88, 108 (1st Dep't 2009) (tortious interference); *Fandy Corp. v. Lung-Fong Chen*, 691 N.Y.S.2d 572, 573 (2d Dep't 1999) (constructive fraud).   The wrongdoing underlying these claims consisted of the alleged August 2008 sale of the life insurance policy and distribution of the proceeds of that sale, so the claims accrued no later than August 2008 and are therefore time-barred.

**3.** Murphy brings an equitable accounting claim as a means to "recover the amount due of consequential damages, special damages and interest in this matter."   App'x 65 (Compl. ¶ 117).   But where an accounting claim exists "merely [as] a method to determine the amount of the monetary damages" sought, and "money damages alone afford a full and complete remedy," then the "action sounds in law and not in equity." *Cadwalader Wickersham & Taft v. Spinale*, 177 A.D.2d 316, 316 (1st Dep't 1991).   Murphy seeks money damages as to his actions at law, and would be able to seek discovery as to the measure of damages were he to succeed on those claims.   There is thus no reason to

---

[1] Unlike actual fraud, the two-year discovery rule does not apply to constructive fraud claims. *Gonik v. Israel Discount Bank of N.Y.*, 914 N.Y.S.2d 63, 64 (1st Dep't 2011).

treat Murphy's accounting claim as a separate form of equitable relief that extends the applicable statute of limitations. *See Klein v. Bower*, 421 F.2d 338, 344 (2d Cir. 1970) ("New York courts have long held that a prayer for equitable relief will not bring an action under the longer limitations period for equity actions when full relief can be granted at law. The prayer for an accounting . . . [is] not enough to bring the action within the longer equity period.") (citations omitted); *Pons v. People's Republic of China*, 666 F. Supp. 2d 406, 415 (S.D.N.Y. 2009) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital*, 87 F.3d 44, 49 (2d Cir. 1996) ("An accounting is unnecessary when an underlying legal action exists, and is properly dismissed when the legal action is time-barred."). Accordingly, Murphy's accounting claim is time-barred.

**4.** We review the district court's determination about equitable tolling for abuse of discretion. *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005). Under New York law, equitable estoppel "applies where it would be unjust to allow a defendant to assert a statute of limitations defense," such as "where plaintiff was induced by [the defendant's subsequent] fraud, misrepresentations, or deception to refrain from filing a timely action." *Zumpano v. Quinn*, 6 N.Y.3d 666, 673-74 (2006). If the plaintiff alleges that a defendant breached a fiduciary duty, the defendant's concealment of the facts underlying the claim provides a basis for equitable estoppel, even "without actual misrepresentation," because the defendant had an obligation to disclose those facts. *Id.* at 675. Here, even assuming that a fiduciary relationship existed and that defendants had a legal duty to disclose the sale of the policy, Murphy admits that he was aware of the impending sale, *see* App'x 46-47 (Compl. ¶ 36), and "[e]quitable estoppel will not toll a limitations statute . . . where a plaintiff possesses timely knowledge sufficient to place him or her under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the applicable Statute of Limitations," *Gleason v. Spota*, 599 N.Y.S.2d 297, 299 (2d Dep't 1993). Accordingly, the district court did not abuse its discretion.

We have considered Murphy's remaining arguments and conclude that they are without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5